(26 App. Div. 544.)

BROWN v. TRAVELLERS' LIFE & ACCIDENT INS. CO.

(Supreme Court, Appellate Division, Second Department.    March 29, 1898.)

1. MASTER AND SERVANT—EMPLOYMENT—PROVINCE OF JURY.
    In an action to recover for services, it appeared that defendant was notified
    of an accident, in the collapse of a building in course of construction, on
    account of which it might be liable as insurer of the contractor, who was
    primarily, and perhaps criminally, liable.  Thereupon defendant's manager
    notified its attorney of the accident, but gave him no instructions.  This
    attorney, at the suggestion of the insured, employed plaintiff to investigate
    as to the cause of the accident.  *Held*, that the question of the employment
    by the defendant was one of fact for the jury to determine.

2. SAME—SCOPE OF EMPLOYMENT—COMPENSATION.
    Where plaintiff was employed by an insurance company to investigate as
    to the cause of an accident through which the company might be liable,
    his attendance at a coroner's investigation of the accident, for the purpose of
    informing himself of the facts in respect to which the witnesses testified,
    and which it might be necessary to controvert in future litigation, was within
    the scope of his employment, and he might recover therefor.

Appeal from trial term, Kings county.

Action by Charles O. Brown against the Travellers' Life & Accident Association. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Walter Carroll Low, for appellant.
Edward M. Grout, for respondent.

WOODWARD, J. Charles O. Brown, the plaintiff, brought this action to recover the sum of $750 for services alleged to have been rendered the defendant, at the request of its attorney, Frank V. Johnson, in investigating the causes which led to the collapse of the Ireland Building, and in attendance and giving expert testimony at the coroner's investigation of the accident. The Travellers' Life & Accident Insurance Company, the defendant, issued its policy of insurance, undertaking to protect the firm of J. B. & J. M. Cornell, which furnished the structural iron for the Ireland Building, against liability for accidents growing out of the neglect of the firm, either to employés or persons not connected with the work; reserving the right to appear and defend in any actions arising under the policy. On the occasion of the accident, Messrs. Cornell notified the insurance company; and the New York manager of the company called up, by telephone, its attorney, Mr. Johnson, and called his attention to the fact of such notification,—giving no special instructions in the matter. Mr. Johnson, at the suggestion of Mr. Cornell, one of the insured, employed the plaintiff to investigate as to the cause of the accident, and to make a report. It is claimed on the part of the defendant that this employment was in behalf of the Cornells, who were likely to be called upon to answer criminally; but upon the trial the court stated that this was a question of fact for the jury to determine, and we see no reason for disturbing the ruling, or the finding of the jury.

It is urged, also, that in any event the amount of the charges for the services of the plaintiff in attendance at the coroner's investigation, and in affording expert testimony, should be deducted from the verdict, on the grounds that the service was exclusively for the benefit of the Cornells, in defense of the criminal prosecution to which they might be liable, and not within the scope of the policy issued by the defendant, and therefore not within the province of the attorney of the company to employ the plaintiff for this purpose. It appears, however, in the evidence upon the trial, that the plaintiff attended the coroner's investigation for the purpose of informing himself as to the facts which it might be necessary to controvert in future litigations, and that he visited the building from time to time, where the accident occurred, in order to inform himself as to the facts in respect to which the witnesses testified. All of these things were proper and necessary in qualifying himself for the work which he was expected to do as an expert witness, and we see no reason why the defendant, having employed him, should not pay him for all

work which he may have performed in perfecting himself in the details of the accident. The fact that the coroner's verdict did not affect the rights of the defendant as the insurer of the Cornells for civil damages has no bearing upon the case. This plaintiff was there for the purpose of learning the points on which it was necessary for him to be specially prepared, and it was a legitimate part of his labors in making an investigation of the causes which led up to the accident. The charge of the trial court in respect to this question substantially complied with the request of the defendant's attorney, and there was no error of which the defendant could fairly complain. The questions involved were questions of fact, fairly within the province of the jury, and the verdict is in accord with the evidence.

The judgment and order appealed from are affirmed. All concur.