[No. 6092. Decided June 5, 1906.]

W. A. RITCHIE, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.[1]

STATES—CONTRACTS—AUTHORITY OF ATTORNEY GENERAL. Under Laws 1895, p. 58, §§ 1-3, making it unlawful for any state officer to create a deficiency or incur a liability in any sum greater than is appropriated, and Laws 1901, p. 122, limiting the amount of the attorney general's expenses in defending suits against the state, the attorney general has no authority to employ an architect as an expert necessary to the defense of an action creating a liability in excess of such limit.

SAME—IMPLIED POWER TO CONTRACT. Laws 1895, p. 188, making it the duty of the attorney general to appear and defend all suits brought against the state, does not give him implied authority to employ an expert to assist him, when the public interests require it.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered October 6, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury in an action on contract. Reversed.

*The Attorney General* and *A. J. Falknor, Assistant,* for appellant.

*Vance & Mitchell,* for respondent.

RUDKIN, J.—In the year 1902 the F. H. Goss Construction Company, contractor for the construction of the annex to the state capitol building, brought an action against the state in the superior court of Thurston county for the recovery of approximately $25,000 for making alterations and furnishing extras in the construction work, not called for by the original contract. The action involved the construction or interpretation of the original plans, specifications, and drawings, and the true intent and meaning thereof. The then attorney general employed the plaintiff, who was the supervising architect for the building, as an expert, to assist him in preparing his

[1]Reported in 85 Pac. 417.

defense and defending the action on the trial. The present action was brought against the state to recover the value of the services performed under this employment, and the expenses necessarily incurred in their performance. The court below found in favor of the plaintiff in the sum of $1,550 for services, and $629.20 for expenses, and entered judgment against the state for the aggregate of these amounts. From this judgment, the defendant appeals.

The appellant does not question the correctness of the court's findings as to the value of the services or the amount of the expenses, in this court, but rests its defense solely upon the ground that it is under no legal obligation to pay the same, and that is the only question here for our consideration. Sections 1 and 2 of the act of March 7, 1895, Laws 1895, p. 58, provide as follows:

"Sec. 1. That it shall be unlawful for any of the state officers or trustees, managers, directors, superintendents or boards of commissioners of any of the public institutions of the state of Washington, or for the officers of any of the departments of the state of Washington, to create a deficiency, incur liability, or to expend a greater sum of money than is appropriated by the legislature for the use of said public institution or department.

"Sec. 2. Any officer, trustee, manager, director, superintendent or commissioner, enumerated in section one of this act, who shall violate the provisions of this act by creating a deficiency, incurring a liability, or expending a greater sum than is appropriated by the legislature for any public institution or department of this state in any one year, shall be individually liable for the same, and shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding one thousand dollars."

Section 3 gives a right of action to the "person, co-partnership or corporation with whom a liability is attempted to be incurred or debt contracted," against the officer and his official bondsmen for the full amount of the liability incurred or debt contracted, and § 4 provides for certain emergencies, but does not include the attorney general or his office. The

legislature of 1901 made the following appropriation for the attorney general's office: "Court expenses, advanced per diem and mileage for witnesses before courts and land department, $300." Laws 1901, p. 122. We might state here that the respondent does not seek to recover out of, or by reason of, this appropriation. The appellant contends that the contract of employment relied on by the respondent is illegal, or at least without authority of law, by reason of the foregoing statutory provisions and that no recovery can be had.

The respondent on the other hand contends, that by art. 3, § 21, of the constitution the attorney general is made the legal adviser of the state officers, and shall perform such other duties as may be prescribed by law; that by section 3 of the act of March 20, 1895 (Laws 1895, p. 188), the attorney general or his assistant must appear and act as counsel for the state in all actions brought against it, and that by virtue of these provisions the attorney general has implied authority to employ an expert to assist him in the defense of any such action whenever the public interests demand it. With this latter contention we are unable to agree. A court is treading upon dangerous ground when it rests the authority of a public officer to bind the state on some unforseen emergency or the law of necessity. The legislature has in effect said to the attorney general "You must appear as counsel in all actions brought against the state; you are allowed $300 to defray the expenses of all such actions for the period of two years, and if you create a deficiency or incur a liability beyond this you are personally liable and subject to criminal prosecution." It is very difficult to find room for implied power in all this. The respondent cites *Brown v. Travelers' Life etc. Ins. Co.*, 26 App. Div. 544, 50 N. Y. Supp. 729, but that was an action between private parties and there was no limitation on the authority of the attorney. Had the authority of the attorney been limited in that case as in this, and had the expert undertaken the performance of his contract with full

knowledge of such limitation, it would scarcely be contended that a recovery could be had beyond the limit imposed, for it is elementary that an agent can only bind his principal while acting within the scope of his authority, and that a person dealing with a public officer is bound to know the limit of his powers.

Counsel's chief reliance is on the case of *Rauch v. Chapman*, 16 Wash. 568, 48 Pac. 253, 58 Am. St. 52, 36 L. R. A. 407. It was held in that case "that the constitutional limitation of county indebtedness in § 6 of article 8 of our constitution, does not include those necessary expenditures made mandatory in the constitution and provided for by the legislature of the state, and imposed upon the county; . . . ." We fail to see the applicability of that case to the facts before us. Certain positive duties are imposed on counties by the constitution and laws of the state, but no duty was imposed on the attorney general to employ the respondent in this case. The law enjoined upon him the duty to appear in the action and defend the interests of the state to the best of his ability, with the means which the legislature had placed at his command, but nothing more. If the interests of the state should suffer because the legislature unduly curtailed the power of its representative, the responsibility for the miscarriage of justice would rest with the legislature and not with the attorney general or the courts. The policy of permitting the state to be sued generally, and allowing the attorney general but $300 to defray the expenses for a period of two years may be unwise, but the policy of such a law and such a limitation on the authority of the attorney general is for the legislature and not for the courts.

This case cannot be distinguished in principle from *Young v. State,* 19 Wash. 634, 54 Pac. 36. There the governor employed the plaintiff to examine, expert and report upon the books and accounts, vouchers, and the condition of affairs generally, with reference to the financial management of the state penitentiary during the term of Warden Coblentz, who

had committed suicide. The plaintiff complied with his contract of employment and brought an action against the state to recover the value of his services. This court adhered to the well-settled rule "that public officers have, and can exercise, only such power as is conferred upon them by law, either statutory or constitutional, and that the government is not bound by the unauthorized acts of its officers or agents," and held that there could be no recovery. This, too, was prior to the passage of the act of 1895 above cited. The employment in that case as in this was, no doubt, in the interest of the state, and there was perhaps as much reason to imply power in the one case as in the other.

Conceding, for the purpose of the argument only, that contingencies may arise where one of the officers of the executive department of the state will be authorized to incur a liability against the state in the absence of legislative authority and the absence of an appropriation for the purpose, we are convinced that no such case is presented here. The equitable character of the respondent's claim has been established by the judgment of the court below, and the legislature may provide for its payment, but the claim lacks legal sanction and we cannot affirm the judgment. While the fact is immaterial, in deference to the former attorney general, we will say that he fully advised the respondent of the situation confronting him and did not attempt to create a deficiency or incur a liability against the state.

The judgment is reversed, with directions to dismiss the action.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.