TIFFANY v. KELLOGG IRON WORKS.

(Supreme Court, Special Term, Erie County. March, 1908.)

1. WITNESSES—COMPENSATION—STATUTORY FEES.

Where an expert witness voluntarily testifies on request of a party to an action as to matters within his knowledge without insisting upon compensation as a consideration of giving his testimony, he cannot recover from the person in whose behalf he testifies more than the statutory witness fee of 50 cents.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 65, 66.]

2. WORK AND LABOR—COMPENSATION OF WITNESS.

Where a civil engineer, upon request of a party to an action, performed services in making investigations to qualify himself as an expert witness in the party's behalf, he was entitled to recover the reasonable value of the time and labor spent by him in making the investigation upon an implied promise, in the absence of an express promise of compensation.

3. SAME—VALUE OF SERVICES—EVIDENCE—SUFFICIENCY.

In an action by a civil engineer to recover for services rendered by him in preparing to qualify as an expert witness in defendant's behalf, evidence *held* to warrant a finding that his services were worth the amount recovered, $25.

Appeal from Municipal Court of Buffalo.

Action by Nelson O. Tiffany, Jr., against the Kellogg Iron Works. From a judgment for plaintiff, defendant appeals. Affirmed.

H. H. Bacon, for appellant.
S. J. Harris, for respondent.

WHEELER, J.  This action was brought to recover the value of services rendered to the defendant in a certain litigation in which the defendant was a party.  The plaintiff is a civil engineer, and at one time prior to the rendering of the services in question was employed by the defendant as an engineer supervising the construction of a certain bridge at Mayville, N. Y.  At the time, however, the services for which this action was brought were rendered the plaintiff's employment had terminated.  When the defendant became involved in a certain litigation with its subcontractor on the bridge in question, it sent for the plaintiff and asked his assistance.  He saw the defendant's president, and had an interview with him in the presence of the defendant's attorney.  The plaintiff was asked certain questions relative to the cost per cubic yard of cement work used in the construction of the bridge. He told them he was unable to give an answer without consulting reference books and making certain computations.  The president of the defendant and the counsel for the company asked the plaintiff to make the computation so as to enable the plaintiff to testify in regard thereto on the trial then progressing before a referee.  The plaintiff promised to do so, and accordingly spent four or five hours' time in making the computation desired, consulting reference books, figuring the cost of the various ingredients entering into the composition of the concrete, the cost of labor and other things going to make up the total cost of a cubic yard of concrete used in the construction.  The plaintiff subsequently appeared before the referee and testified as an expert to these things.  It is conceded that at none of these interviews between the plaintiff and the defendant's president and its attorney was anything said about the plaintiff being compensated for his services, and no express promise to pay for them is claimed.  The plaintiff, however, subsequent to rendering the services sent the defendant a bill for the same, which it declined to pay, claiming that such services as were rendered were gratuitously rendered, and that, at most, all the plaintiff is legally entitled to recover is the statutory witness fee of 50 cents. The Municipal Court, however, rendered judgment for the plaintiff on his claim for $25, and from that judgment the defendant appeals to this court.

If the plaintiff's services had consisted entirely of testifying at the trial before the referee to facts within his knowledge, this court is of the opinion that no recovery could be sustained in the absence of an express promise beyond the amount of the statutory witness fee of 50 cents.  It is the theory of the law that every one owes to the public and in the interest of justice the duty of giving testimony as to facts within his personal knowledge.  This rule, however, does not go to the extent of obliging a person to give technical expert testimony without reasonable compensation.  The law regards such knowledge as the capital of the person possessing it, which a litigant has no right to utilize without paying for it.  Nevertheless it seems reasonable, and should be the law, that, where one voluntarily testifies on request without insisting on compensation as a condition of giving his evidence, he

should not afterwards hold the person on whose behalf he testified to more than the statutory witness fee. In this case, however, the services on which the recovery was had were not for the giving of testimony before the referee, but for the time and labor spent in making the necessary investigation in order to qualify him as an expert witness. In this preliminary preparation it appears the plaintiff spent four or five times the amount of time actually spent as a witness on the stand. Such time and labor were services rendered outside and beyond services as a witness. · It has been repeatedly held that professional persons cannot be required to make any examination or preliminary preparation in order to better qualify themselves as experts, and that, when on request such services are performed for another, extra compensation may be demanded upon an implied promise in the absence of an express promise of compensation. The authorities holding this doctrine in various forms are numerous. Brown v. Travelers' Life & Accident Insurance Co., 26 App. Div. 544, 50 N. Y. Supp. 729; People v. Montgomery, 13 Abb. Prac. (N. S.) 207; Schofield v. Little, 2 Ga. App. 286, 58 S. E. 666; Board of Com'rs v. Lee, 3 Colo. App. 177, 32 Pac. 841; Barrus v. Phaneuf, 166 Mass. 123, 44 N. E. 141, 32 L. R. A. 619; Flinn v. Prairie Co., 60 Ark. 204, 29 S. W. 459, 27 L. R. A. 669, 46 Am. St. Rep. 168; St. Francis Co. v. Cummings, 55 Ark. 419, 18 S. W. 461; Summers v. State, 5 Tex. App. 365, 32 Am. Rep. 573; Ex Parte Dement, 53 Ala. 389, 25 Am. Rep. 611. Upon the authority of these cases, we must hold that, when the plaintiff was requested to make the computations asked in order to qualify him to testify as an expert, the law implied a promise for the payment of the reasonable value of those services. When we examine the record, we can find nothing in it which would justify this court in finding the trial court departed from the principles laid down or in its award of damages allowed anything beyond reasonable compensation for the time necessarily spent by the plaintiff in preparation. He sued for $45. The expert witness called by the plaintiff on the value of his services testified they were worth more than that sum. The trial court awarded a judgment for $25. We think the evidence fully justified that sum.

The judgment therefore should be affirmed, with costs. So ordered.