CHARLES E. BIRCH, Respondent, *v.* ANNA S. SEES, Appellant.

Second Department, June 8, 1917.

**Evidence — expert testimony — when medical witness may stipulate for compensation.**

If a medical witness or other witness with technical qualifications goes beyond mere testimony as to facts observed by the senses and is asked to draw a technical inference or conclusion, he may properly stipulate for compensation.

Hence, where an attending physician of the deceased, having testified on a prior trial as an expert witness for the proponent of the will, at an agreed compensation, was thereafter employed by a succeeding attorney for the proponent at the same terms to go over the witness' records to prepare himself so as to give expert testimony on the issue of the deceased's mental soundness, such agreement for compensation may be enforced.

APPEAL by the defendant, Anna S. Sees, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 20th day of October, 1916, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 28th day of October, 1916, denying defendant's motion for a new trial made upon the minutes.

This suit grew out of the proceedings for probate of the will of Dr. Walter E. Delabarre, in which there have been three jury trials. Plaintiff was a physician, who had attended deceased in his last illness, with whom he also had a life-long acquaintance. On the first trial plaintiff had been employed and paid by defendant's attorney at the rate of $50 per day while attending court. This action was for like compensation on the second and third trials, in which the defendant here had been represented by a different attorney. The jury found for plaintiff for $500 and interest.

*John B. Doyle,* for the appellant.

*Henry C. Henderson,* for the respondent.

PER CURIAM:

We must take it as established by this verdict that the plaintiff, an attending physician and a life-long acquaintance

of deceased, having testified on a prior trial as an expert witness for the proponent, at an agreed compensation of fifty dollars per day, was thereafter employed by a succeeding attorney for the proponent at the same terms, to go over the witness' records to prepare himself so as to give expert testimony on the issue of the deceased's mental soundness, which he did on two trials. It is, however, objected that as plaintiff had been the attending physician, his testimony was not that of an expert, and that such agreement for compensation should not be enforced. It seems settled that if a medical witness, or other witness with technical qualifications, goes beyond mere testimony to facts, observed by the senses, and is asked to draw a technical inference or conclusion, he may properly stipulate for compensation. (*People* v. *Montgomery*, 13 Abb. Pr. [N. S.] 207, 240; *Barrus* v. *Phaneuf*, 166 Mass. 123. See Chamberlayne Ev. § 2371.)

The facts in the case at bar are, therefore, within the permissive rule. The judgment and order should, therefore, be affirmed, with costs.

JENKS, P. J., STAPLETON, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment and order unanimously affirmed, with costs.