THE PEOPLE OF THE STATE OF NEW YORK ex rel. KRAUSHAAR BROS. & CO., INC., Appellant, against WARREN THORPE, Mayor, et al., Constituting the Board of Assessors of the Village of Lawrence, Respondents.

Argued November 22, 1946; decided February 27, 1947.

*Meyer Kraushaar* and *David I. Kraushaar* for appellant. It was prejudicial error for the trial court to sustain the refusal of a person to testify on the ground that he was an expert who had not been employed by the relator and in excluding his proffered testimony in connection with facts within his knowledge, even though it may have required professional study, learning or skill to ascertain them. (*People ex rel. Manhattan Ry. Co.* v. *Barker*, 152 N. Y. 417; *People ex rel. Amalgamated Properties, Inc.*, v. *Sutton*, 274 N. Y. 309; *Heiman* v. *Bishop*, 272 N. Y. 83; *Matter of Board of Water Supply of City of New York*, 277 N. Y. 452; *People* v. *Montgomery*, 13 Abb. Prac. [N. S.] 207; *Tiffany* v. *Kellogg Iron Works*, 59 Misc. 113; *People* v. *Raizen*, 211 App. Div. 446; *People ex rel. Deuel* v. *Shaw*, 259 App. Div. 977; *Burnett* v. *Freeman*, 125 Mo. App. 683; *State* v. *Bell*, 212 Mo. 111; *Flinn* v. *Prairie Co.*, 60 Ark. 204; *Pennsylvania Co. for Insurances* v. *Philadelphia*, 262 Pa. 439.)

*Frederick L. Weisler* for respondents. The trial court was not in error in sustaining the refusal of the expert witness to testify. (*People ex rel. Deuel* v. *Shaw*, 259 App. Div. 977; *People* v. *Montgomery*, 13 Abb. Prac. [N. S.] 207; *Tiffany* v. *Kellogg Iron Works*, 59 Misc. 113; *People* v. *Raizen*, 211 App. Div. 446; *Pennsylvania Co. for Insurances* v. *Philadelphia*, 262 Pa. 439; *Cohen* v. *Pennsylvania Casualty Co.*, 89 Pa. Sup. Ct. 367.)

THACHER, J. In this tax certiorari proceeding relator subpœnaed an involuntary expert witness who previously had prepared an appraisal of the property in suit for a prior owner. At the trial relator sought to elicit the witness's opinion as to the value of the premises but the witness declined to accept a fee and refused to testify, stating that he did not wish to take part in the case. The trial court ruled, over relator's objection, that, while the witness was required to testify with regard to what he had seen on the premises, he had a right to refuse to answer any question connected with his experience and judgment as a real estate expert and not as an ordinary lay witness. We find no error in this ruling.

While the question presented has not been considered in this court, the ruling of the trial court affirmed in the court below is supported by *People* v. *Raizen* (211 App. Div. 446, 461–462), *Birch* v. *Sees* (178 App. Div. 609) ; see, also, *People ex rel. Deuel* v. *Shaw* (259 App. Div. 977), *Brown* v. *Travelers' Life & Accident Ins. Co.* (26 App. Div. 544), *Tiffany* v. *Kellogg Iron Works* (59 Misc. 113), *People* v. *Montgomery* (13 Abb. Prac. [N. S.] 207).

The authorities in other States are in conflict, Indiana, New Jersey and Pennsylvania following the rule in England (*Webb* v. *Page,* 1 Car. & K. 23 [1843] holding that an expert witness cannot be compelled to give expert testimony but may contract to do so for an adequate consideration (*Buchman* v. *State,* 59 Ind. 1; *Hull* v. *Plume,* 131 N. J. L. 511; *Stanton* v. *Rushmore,* 112 N. J. L. 115; *Pennsylvania Co. for Insurances* v. *Philadelphia,* 262 Pa. 439). Cases in other States in which experts have been required to give professional opinions in evidence against their will almost without exception limit the examinations to opinions which the experts are able to give without study of the facts or other preparation (*Ex parte Dement,* 53 Ala. 389, 397; *Flinn* v. *Prairie County,* 60 Ark. 204, 207–208; *People* v. *Conte,* 17 Cal. App. 771, 784; *County Commrs.* v. *Lee,* 3 Col. App. 177, 179–180; *Dixon* v. *People,* 168 Ill. 179, 191; *Swope* v. *State,* 145 Kan. 928, 933; *Stevens* v. *Worcester,* 196 Mass. 45, 56; *Barnes* v. *Boatmen's Nat. Bank,* 348 Mo. 1032, 1038; *Mount* v. *Welsh,* 118 Ore. 568, 585; *State ex rel. Berge* v. *Superior Court,* 154 Wash. 144, 148; *Philler* v. *Waukesha County,* 139 Wis. 211, 215, 217; *Boynton* v. *R. J. Reynolds Tobacco Co.,* 36 F. Supp. 593). The latter rule is quite unsatisfactory. In the realms of medicine, law, science, and many other callings where highly specialized knowledge is essential, only the most eminent are competent to answer *ex tempore* and defend impromptu opinions upon cross-examination, but none, without reflection upon his professional ability, may confess ignorance.

We think the better rule is not to compel a witness to give his opinion as an expert against his will.

The order should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Order affirmed.