Alexander Del G-iorno, J.
Claimant has moved pursuant to CPLR 3025 for an order permitting the filing and serving of an amended appraisal in this appropriation proceeding. The State of New York in its opposing affidavit has correctly challenged the applicability of CPLR 3025, which relates to amendments of pleadings, to the instant motion. However, inasmuch as the authority to hear and determine an application of this nature is contained in rule 25a of the Rules of the Court of Claims, the court will deem the motion to have been made thereunder and proceed to a determination thereof.
The claim herein was filed on April 12,1966. Thereafter, pursuant to the provisions of subdivision 1 of rule 25a the respective appraisals were exchanged on or about August 8, 1967. The appraisals upon which the parties intend to rely having been thus prepared and filed, any additions or corrections which might thereafter be sought became a matter of discretion with the court. *116 The manner in which such relief may be obtained and the requirements which must be met are set forth in subdivisions 3 and 4 of rule 25a. These paragraphs provide as follows:
“ 3. Within sixty (60) days after such exchange of appraisals a party may move for permission to file and serve an amended or .supplemental appraisal, which may be granted in the Court’s discretion provided such motion is limited to correcting errors or to adding matter pertinent to the main appraisal.
“4. (a) A party confronted with unusual and special circumstances requiring more time than prescribed above for the filing of appraisal reports may make a motion for an extension of time, which may be granted in the Court’s discretion, for such period and under such conditions as the interests of justice require. * * *
“ (b) At a reasonable time before trial a party may apply for relief from the requirements of this Buie, provided that the party can show unusual and substantial circumstances which if not remedied would cause undue hardship. Such relief may be granted in the discretion of the Court.”
Subdivision 3 is clearly inapposite by its very terms. Any application for permission to file an amended or supplemental appraisal must be made within 60 days of the initial exchange. Since the parties herein exchanged their appraisals almost 13 months prior to the making of the within motion, claimant is foreclosed from proceeding under this paragraph.
'Paragraph (a) of subdivision four relates solely to motions for an extension of time to file appraisal reports and is therefore also inapplicable to the present motion. Paragraph (b), however, permits the court in its discretion to grant the relief sought herein provided that the existence of unusual and substantial circumstances can be shown. The issue to be determined, therefore, is whether such circumstances here exist. It is the opinion of the court that they do not.
The amended appraisal which is sought to be served and filed purports to show an increase in the damages sustained of approximately $8,000 over and above those set forth in the original appraisal. Undoubtedly, this would be considered a substantial circumstance. However, nowhere in the moving papers are there set forth any circumstances which could be considered unusual. Claimant has had in his possession both his own and the State’s appraisal for a period in excess of one year. During this lengthy lapse of time no effort was made to amend or supplement the appraisal until the making of the present motion on the eve of trial. Moreover, the moving papers do not indicate that anything out of the ordinary occurred during this *117 time which could be sufficient so as to require the court to exercise its discretion in claimant’s favor. The main thrust of claimant’s argument is that it is essential that information as to additional comparable sales be included, and that this information was not available at the time the original appraisal was filed. However, it is not necessary to file an amended appraisal in order to place these additional sales before the court. This can readily be accomplished by proceeding in the manner provided by section 16 of the Court of Claims Act.
The lack of unusual circumstances aside, the motion must be denied for yet another reason. The purpose in allowing an amendment or supplement to be made or added to an original appraisal is to assure that the court has before it all the necessary factors, information and explanations necessary to the making of a solid award. (See Valcour Bldrs. v. State of New York, 52 Misc 2d 760.) Thus, if it develops that certain information necessary to accomplish this end has been incompletely furnished or inadvertently omitted, a motion directed to the discretion of the court would properly lie. However, the appraisal here sought to be filed is in many respects a new appraisal rather than an amendment or supplement. There has been a complete change in the before valuation as originally set forth as well as in the after valuation. As a result, the proffered appraisal is not merely a clarification or amplification of the original appraisal as contemplated by the rule but, rather, an essentially different document.
In ruling as it does, this court does not intend to hold nor does it hold that under no circumstances may any of the material contained in the appraisal here presented be introduced in evidence. Any determination of that nature must properly await a trial of the action.
The motion, insofar as it requests permission to serve and file an amended appraisal, is denied.