Richard J. Cardamone, J.
During the trial of this negligence action the admissability of certain records of Dr. Thaddeus Piekielniak, a deceased physician, who was plaintiff’s attending doctor were presented. While the court ruled on the admissability of each of the proffered exhibits at the time, it agreed to furnish counsel with the reasons for its rulings in decision form.
The five electroencephalograms administered the plaintiff are admissable in evidence. Mrs. Stella Piekielniak, widow of the deceased doctor, testified that she served in her husband’s office for a time and she identified these EEGs and stated they were kept by the doctor in the regular and ordinary course of his business as a medical practitioner. With this proper and necessary foundation having been laid, these EEGs were clearly admissable. (Mayole v. Crystal & Son, 266 App. Div. 1008 [2d Dept., 1943].)
Dr. Piekielniak’s opinions and diagnosis, written in his own handwriting (identified as such by his widow) on the backs of these EEGs, are not admissable. While the EEGs themselves are records kept in the regular course of business, these handwritten statements are hearsay medical opinions and to admit them would deprive the defendant of his right to cross-examine on the medical opinion expressed. Further, the plaintiff could easily have retained another doctor and had him administer an electroencephalogram, and then had that doctor testify. If plaintiff’s medical condition was not the same at the time of this test as it had been when the deceased doctor made these tests, then the plaintiff could have produced an expert to read the EEGs administered by the deceased doctor. This doctor could then state his own diagnosis and medical opinion without regard to the opinions and diagnosis of the deceased doctor. This medical expert then would have been available for the defendant to conduct a cross-examination.
The deceased doctor’s office cards, written in his own handwriting (identified as such by his widow) each time he saw the plaintiff patient, are admissable. These cards were records kept in the regular course of business. In Goodkin v. Brooklyn & Queens Tr. Corp. (241 App. Div. 737 [2d Dept., 1934], affd. 265 N. Y. 638 [1934]) a deceased doctor’s record was not admitted into evidence because the court held that it contained opinions which were not records of an act, transaction, occurrence or event made in the course of the doctor’s profession. In CPLR *226 4518 (successor to Civ. Prac. Act, § 374-a) it is provided that any writing or record made as a memo or record of any act, transaction, occurrence or event is admissable in evidence in proof thereof if the court finds it was made in the regular course of any business and that it was in the regular course of such business to make it. The term ‘ ‘ business ’ ’ includes a profession. The record in the OoodJcin case reveals that the excluded report was made by a doctor who was not the attending physician. The records of a deceased physician were admitted in Duffy v. Thomas A. Edison, Inc. (240 App. Div. 1002 [2d Dept., 1933; affd. without opn.]). The transcript in the Duffy case reveals that the entries were made in the regular course of his medical practice by an attending physician. The report described the physician’s observations with regard to his patient’s scars, friction burns, lacerations, describing their size in inches, the number of sutures required, muscle strains, subjective complaints such as dizziness, sleeplessness, a prognosis, as well as treatment administered. The report was signed and dated by the doctor. Such a report, made in the regular course of the doctor’s practice in his own handwriting, dated and factual, even though it contains his medical opinion, should be and is admissable. Particularly, as here where it is shown that such a record was made as an essential part of a doctor’s professional practice in caring for his patient and also the basis upon which he treated his patients, such a record is admissable. (5 Benders, N. Y. Evidence, § 374.03, pp. 230-234.)
In a somewhat similar and analogous situation it has been held that where a diagnosis is made by a doctor (not called to testify) and contained in the hospital record, such record, being an act, transaction, occurrence or event made in the course of a doctor’s profession, is admissable. (People v. Kohlmeyer, 284 N. Y. 366, 369 [1940].) Under very similar circumstances to this case, where a deceased doctor’s widow testified that she kept her husband’s office cards during his lifetime and that they were his sole records pertaining to the treatment of patients, the deceased doctor’s cards were admissable. (Bromberg v. Lent, N. Y. L. J., April 16,1952, p. 1518, col. 1.)