James H. Glavin, Jr., J.
The State condemned claimant’s land. Claimant filed a claim for damages. Claimant and the State duly filed appraisals with the court in accord with the mandate of the rules of the court. (Rule 25a; 22 NYCRR 1200.27.) Upon such filings by both parties, the court provided each with a copy of the other’s appraisal. The case proceeded apace on the calendar of the court ’til now it is ripe for trial.
At this point the State has moved for permission to file a new appraisal. It represents that the appraiser whom it retained and whose appraisal was filed with the court has, at sometime within the last six months, left the so-called private appraisal field, become an employee of the Federal Government and become unwilling and unable to appear as a witness in its behalf at the trial. It further represents that the appraiser has advised it he is not permitted to appear in cases such as this and that he is an unwilling witness, even if subpoenaed, since he claims he would have to take so-called “ administrative leave ” (appar *245 ently without pay)' to respond. The State argues the facts it represents constitute an unusual and extraordinary situation which is a permissible basis for leave, under rule 25a (subd. 4, par. [b]), to file a new appraisal.
The claimant strenuously opposes the State’s motion. It represents there is no Federal policy which would preclude the individual involved from appearing as a witness at the trial and that it has been assured by a responsible Federal official that he can be made available. It argues that employment of a subpoena could produce him in any event. The claimant’s strong opposition is predicated on the significant and understandable contention that grant of the desired relief would subvert the very intent of rule 25a, i.e., that neither party have access to the other’s appraisal until its own has been filed. Permission to the State to now file a new appraisal, it points out, will afford to the State the potential to attempt to answer or react to .the previously and timely filed appraisal of claimant.
One of the purposes of the method of mutual filing and exchange of appraisals under the guidelines spelled out in rule 25a is to thwart any advantage accruing to a party by a delayed action which would permit it to study and prepare a 1 ‘ response ’ ’ to the other party’s valuation contentions before filing its own appraisal. This intent and other significant procedural assets, e.g., keeping cases moving in timely fashion, are the basis for variance from the rule’s provisions being permitted only in unusual situations. (See Farrington v. State of New York, 33 A D 2d 731; Farrall v. State of New York, 58 Misc 2d 115.)
Here, although the physical presence in court of the State’s appraiser or expert could unquestionably be compelled, there is obviously present a classic case of an unwilling expert witness.
Assuming the individual were subpoenaed and his presence mandated, what testimony could be compelled from him?
A subpoenaed expert witness can be required to testify to facts within his knowledge and to physical observations, certainly. He cannot be compelled to give testimony concerning matters which require employment of his experience, education, judgment or opinion in his particular field of expertise. (People ex rel. Kraushaar Bros. & Co. v. Thorpe, 296 N. Y. 223; see, also, Richardson, Evidence [9th ed.], § 387; Fisch, New York Evidence, § 412; 3 Bender’s New York Evidence, §§ 102.01, 102.03.)
Interestingly, in the Kraushaar case (supra) a certiorari proceeding, the Court of Appeals was specifically concerned with the question of whether the testimony of a real estate appraiser could be compelled.
*246 Rule 25a (subd. 4, par. [b]) permits relief from its requirements only if 1 ‘ the party can show unusual and substantial circumstances which if not remedied would cause undue hardship. ’ ’ The granting of such relief is in the strict discretion of the court and this court employs that discretion sparingly. (See Farrington v. State and Farrell v. State, both supra).
We now hold that the case of an unwilling expert witness is one involving ‘ ‘ unusual and substantial circumstances ’ ’ and that failure to give relief in such a case would clearly “ cause undue hardship ”. To hold otherwise in such a case would significantly deny to the afflicted party the opportunity to have its “ day in Court.”
In so doing we are fully cognizant of the validity of claimant’s argument that permission to the State to start anew with its appraisal could conceivably be utilized as a vehicle to 1 ‘ answer ’ ’ or give “ response ” to claimant’s appraisal. We are convinced the salutary nondisclosure of appraisals (until filing by both parties is effected) which is mandated by rule 25a should be preserved. It is thus appropriate, as a condition to the grant of relief, to require the Attorney-General, when filing the State’s new appraisal with the clerk of the court, to file with it an affidavit by the State’s new appraiser that he has not had available nor had any knowledge, direct or indirect, in toto nor in part, prior to the time of such filing, of the contents of claimant’s appraisal. A copy of such affidavit shall be furnished claimant with its copy of the State’s new appraisal.
To avoid undue delay and permit prompt trial of this case, the State is directed to accomplish filing of its new appraisal and of the new appraiser’s affidavit within 60 days from the filing of this decision.
The State’s motion is granted upon the conditions specified.