*141
 
 Millard L. Midonick, S.
 

 A motion is made to quash a subpoena issued by the attorneys for two of the executors of this estate.
 

 The pending proceeding was instituted to revoke letters testamentary and for other relief. The fundamental issues are alleged wrongdoing of the three executors of this estate and the respondent art dealers in entering into two contracts for the sale and consignment for sale of paintings executed by the testator. A more detailed outline of the triable issues may be found in prior decisions in this proceeding
 
 (Matter of Rothko,
 
 69 Misc 2d 752; 71 Misc 2d 320, affd. 40 A D 2d 965).
 

 The trial of the issues has been conducted for many weeks and still has not been concluded. Early in the proceeding the parties seeking the removal of the executors made application for a preliminary injunction to restrain the sale or disposition of the paintings pending the conclusion of the proceeding
 
 (Matter of Rothko,
 
 71 Misc 2d 320, affd. 40 A D 2d 965,
 
 supra).
 
 In opposition to the application for an injunction the respondent art dealers filed an affidavit of Lawrence A. Fleischman. Mr. Fleischman is vice-president, director and owner of one half of the capital stock of Kennedy Galleries, Inc. The affidavit of Mr. Fleischman stated, in considerable detail, his expertise in the art field. His affidavit expressed purportedly an expert opinion as to the prevailing price practices in the sale of paintings to a dealer, whether in small numbers or in bulk, and as to factors affecting the valuation of paintings in an artist’s lifetime and after his death. This expert had not seen the Rothko paintings covered by the disputed contracts, 'nor had he attempted to make an appraisal of the testator’s works. It would appear that the affidavit was submitted to convince the court that the discounts and commissions obtainable by the respondent art dealers in their contracts with the executors were in conformity with recognized practices in the art business.
 

 Although the opinion of this art expert was not initially 'solicited by the executors, two of the executors now state that, ■having been unsuccessful in procuring the attendance of experts 'at the trial as voluntary witnesses, these executors are privileged to compel the testimony of an expert by subpoena. The ‘affidavit in opposition to the motion to quash the subpoena issued to Mr. Fleischman states that the testimony of this expert on direct examination will be limited to certain aspects of the affidavit. If this were to eventuate and only a limited direct examination were to be conducted, it is obvious that the witness
 
 *142
 
 would, be subject to a long and grueling cross-examination not “relative to any paintings ever owned by this estate since his 'affidavit asserts that he had seen none, but upon his generalized 'opinions as to art dealers’ prices, discounts and retail markup^. ‘At this point in the trial weeks have been consumed in the 'examinations of other experts and there is no basis for belief that precedent would be abandoned with respect to the subpoenaed expert.
 

 It is most significant that the affidavit of the subpoenaed ‘expert was filed upon a motion preliminary to the trial. The 'affidavit has not, and could not, be made part of the trial record without stipulation, nor has it been offered in evidence.
 

 People ex rel. Kraushaar Bros. & Co.
 
 v.
 
 Thorpe
 
 (296 N. Y. 223) is decisive of the issue on these motions. In that tax certiorari proceeding the relator had subpoenaed an involuntary ■expert witness who previously had prepared an appraisal of the property in a suit for a prior owner. The witness refused to accept
 
 •&
 
 (fee and declined to testify as to the value of the premises. At the trial the witness was required to testify -with regard to what he had1 seen on the premises but the trial court ruled that he had a right" to refuse to answer any question connected .with his experience and judgment as a real estate expert and not as an ordinary lay witness. In affirming the ruling of the Trial Justice the Court of Appeals said (296 N. Y. 223, 225): “ In the realms of medicine, law, science, and many other callings where highly specialized knowledge is essential, only the most eminent are competent to answer
 
 ex tempore
 
 and defend impromptu opinions upon cross-examination, but none, without reflection upon his professional ability, may confess ignorance. ‘We think the better rule is not to compel a witness to give his opinion as an expert against his will.”
 

 The expert subpoenaed by the executors had not seen the estate Rothko paintings when he executed his affidavit and there is no suggestion that he is capable of testifying as to any fact issue in this proceeding relating to estate paintings. Every statement in his affidavit which could be relevant to the issues in this proceeding is based upon his experience and judgment as an art expert. The holding in
 
 Kraushaar
 
 is controlling and the motion to quash is granted.
 

 In opposition to the motion reliance is had upon
 
 McDermott
 
 v.
 
 Manhattan Eye, Ear & Throat Hosp.
 
 (15 N Y 2d 20). There the plaintiff in a malpractice action subpoenaed a doctor who was a defendant in the action $,nd it was held that the doctor could be required to give expert testimony. This holding was
 
 *143
 
 based wholly upon the fact that the expert was a party to the action, the court reasoning- (p. 29): “ even though we would not accord him [the plaintiff] the same right with respect to an unwilling witness who is in no way connected with the action.” Referring to
 
 Kraushaar,
 
 the court further stated (p. 29): “ In that case, the witness (a real estate appraiser) called to testify as an expert was not a party to the action. Such an independent, disinterested witness, we held, could not be required to testify as an expert.”
 

 There was an additional holding in
 
 McDermott
 
 that the plaintiff could upon a new trial call a doctor who had examined the plaintiff at the instance of the defendant but
 
 “
 
 solely about the condition of her eyes and such other facts which he might 'have ascertained on his examination.” (15 N Y 2d 20, 30.) This latter holding is consistent with
 
 People ex rel. Dewel
 
 v.
 
 Shaw
 
 (259 App. Div. 977) where it was held that a doctor who had treated the plaintiff was subject to subpoena. However the court commented (p. 978):
 
 u
 
 He cannot be required, as such physician and surgeon, to examine into the case and use his skill and knowledge so as to form an opinion.” Contrariwise, the expert sought to be compelled to testify in the current trial asserts in the pretrial affidavit: “ I have not physically inspected the 100 Rothko paintings sold 'by the Rothko estate to Marlborough A.G-., and it is therefore impossible for me (as it would be for anyone who has not actually examined the paintings) to evaluate the $1,800,000 purchase .price in terms of the reasonableness of the dollar figure.” (See, also,
 
 Reda
 
 v.
 
 State of New York,
 
 62 Misc 2d 244, 245.)
 

 Submit order on one day’s notice granting the motion.