Martha K. Zelman, J.
Before the court is a negligence action brought by plaintiff, Ann Hessek also known as Ann Elder, against Roman Catholic Church of Our Lady of Lourdes in Queens Village, defendant, alleging that on April 14, 1973, at about 6:45 p.m., she fell on the first step of the church while walking towards the altar.
*411 Counsel for plaintiff called Ms. Anna Seitz, managing agent for Doctors Mishkin, Miller and Forman, a Professional Corporation doing business at 238-25 Hillside Avenue, Bellerose, New York. Plaintiff’s attorney is introducing through this witness plaintiff patient’s medical treatment record with said doctor, following the alleged accident. The plaintiff’s attorney has laid a proper foundation for the testimony of the witness and the record to come in as a record kept in the regular course of business of the doctor’s practice.
(CPLB, 4518.) “ Business records (a) Generally. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shaff be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility. The term business includes a business, prof ession, occupation and calling of every kind.”
The plaintiff’s attorney argues that he cannot produce the doctor who is alive and well simply because he cannot afford to pay the $750 that he 'has requested for his court appearance.
The defendant’s attorney objects to admission of the record in evidence, arguing that he is being denied the opportunity to cross-examine the doctor; that this record cannot come in since the doctor is alive and available. He also contends that this record is not within purview of CPLB 4518 (subd. [b]). This statute permits the fair and reasonable value of items of a hospital bill to be admitted into evidence if it is certified as prescribed.
The court notes that expert testimony may fall into two categories, factual and opinion. An expert may be compelled to testify to “ facts ” within his knowledge. (See People ex rel. Kraushaar Bros. & Co. v. Thorpe, 296 N. Y. 223.) “ An expert may not be compelled to give his 1 opinion ’ against his will. The distinction lies in the nature of the legal process. The function of a witness is to state what he has seen, heard, or knows about the facts in issue, and he is within the command of a subpoena to do so. He is not within command of a subpoena to give an opinion based upon knowledge acquired through study, *412 thought, reflection or experience.” (See 3 Bender, New York Evidence, § 102.01, pp. 509-510.)
A treating doctor is a professional corporation organized under and by virtue of the laws of the State of New York as it applies to any other business corporation doing business in the State. A professional corporation pays the same fees and is subject to the same rules and regulations as any other business corporation. A professional corporation has the same tax benefits and advantages as any other business corporation. A professional corporation, however, has limited personal liability for all matters except for professional malpractice. Section 1503 of the Business Corporation Law encompasses the manner in which a professional corporation may be organized.
This court is therefore of the opinion that doctor-professional corporation is subject to the same rules as any other corporate business.
Ms. Anna Seitz, the managing agent of doctor’s corporation testified that Mrs. Hessek, plaintiff, was a patient; that the file in question was kept in the regular course of the business of the doctor; that Ms. Seitz has personally seen this file and is familiar with the entries in the file and the doctor’s signature to the file.
A deceased physician’s records which are identified and shown to have been kept in the regular course of business are admissible. (See Matter of Katz, 230 App. Div. 172, where the law of records kept by a deceased physician is reviewed and ruled odmissible.) In the case at bar, it is true that the doctor is alive, but he is still unavailable to plaintiff who cannot afford the fee. Ironically, his unavailability is the same.
The court is of the opinion that when a doctor treats a person involved in an accident and prepares medical reports, he has an obligation to appear and give testimony. His compensation should be the fair and reasonable value for his time 'spent in court and ithe nature of his testimony. In this case, his fee for testifying is outrageous.
It would be unconscionable for the court not to allow this medical record to go into evidence. It would sever the good medical-legal relationship with the general public. The court therefore rules that this medical record may come in under CPLR 4518 (subd. [a]). The record can come in as to the history given to the doctor for the purposes of treatment. This history is unlike a history given in a hospital record which is inadmissible. (See Woods v. Mahbern Realty, 5 A D 2d 411.) The record can come in as to the dates of the patient’s visits, *413 the treatment rendered, the complaints of the patient, the physical examination of the patient, the treatment rendered by the doctor, whether or not he took X rays, his medicinal prescriptions, laboratory reports, progress record, and discharge record. It cannot come in as to any medical opinion. (See Jezowski v. Beach, 59 Misc 2d 224.)