## CIRCUIT COURT OF HENRICO COUNTY

State Highway and
Transportation Commissioner

v.

Forrest G. Urban

June 3, 1982

Case No. 1534

By JUDGE E. BALLARD BAKER

On November 6, 1981, Commissioners returned an award of $322,949.00 in this condemnation case. This included the following elements:

| | |
|---|---:|
| Compensation for land and improvements | $183,019.00 |
| Compensation for utility easement | 8,800.00 |
| Damages to residue | 131,130.00 |

Exceptions were duly filed by the Highway Commissioner. They include:

(1) No evidence to support the award for damages to the residue, and the award was inconsistent with the instructions;

(2) Refusal of Court to permit Highway Commissioner to use Richard Farmer as an expert witness;

(3) Error in arithmetic by Commissioners.

Ryland Hughes, the landowner's expert, expressed the opinion that damage to the residue was $168,541.00. This included 40% damage to the restaurant building, which he gave a pre-take depreciated value of $147,000.00 and 90% damage to the barbershop, which he valued at $33,100.00 before the take. Damages to these two building was estimated at $88,590.00 plus damages of 20% of $399,758.00, the

residue value, or $79,951.00. (Transcript, p. 112, 113, and 117).

His testimony was challenged on cross-examination on the basis that he had determined damages to the land residue without considering a zoning change of a part of the land subsequent to his appraisal. Hughes's figures were based on 3/4 of an acre, of a total land area of 7 acres, zoned A-1. This was later rezoned to R-6. (Transcript, p. 120, 121, 123, 124). Hughes admitted the land was worth more as R-6 than A-1 but stated the rezoning was after his appraisal and was unable to give a value based on that zoning. (Transcript p. 124, 127).

Close examination of Hughes's testimony on damages indicates that he considered damages to the restaurant and barbershop twice. First, he put 40% damage to the $147,000.00 restaurant ($58,800.00) and 90% damage to the $33,100.00 barbershop ($29,790.00) to reach a figure of $88,590.00 damages to those buildings. Then, he assigned 20% damage to the residue, which he figured at $399,758.00, for an additional $79,951.00 damage. This made a total damage figure of $168,541.00. (Transcript, p. 116, 117).

However, Hughes included in the $399,758.00 the value of the restaurant and the value of the barbershop after figuring them damaged at the 40% and 90% rate noted above. (Transcript, p. 117). The restaurant after applying that damage figure, had a value of $88,200.00; the barbershop had a value of $3,310.00. These figures are included in the $399,758.00. The additional 20% damage applied to these two structures is $18,302.00.

It would appear that Hughes put damages to the residue $18,302.00 too high by his own figures by applying damages to these buildings twice. However, with this change, his damages to the residue would be $150,239.00, a figure in excess of the amount determined by the Commissioners. The Commissioners may have detected the same duplication.

While the testimony of Hughes may seem less than satisfactory, it was fully developed for the Commissioners, and they came up with residue damages less than stated by Hughes. This Court can find no reason satisfactory in law to say the award of damages to the residue was unsupported by evidence or contrary to instructions.

With respect to the second exception, Richard Farmer was retained by the landowner in 1980 to make an appraisal

with respect to the condemnation on Broad Street. He gave an estimate the landowner felt was inadequate. Farmer was called as a witness for the Highway Commissioner and expressed his objections to testifying. Relying on dicta in *Cooper v. Housing Authority*, 197 Va. 653 (1956), Farmer was not required to testify. In *Cooper*, at 657, the Supreme Court in commenting on *People v. Thorpe*, 296 N.Y. 223, 72 N.E.2d 165, which refused to allow an expert witness to testify in a tax assessment case, stated:

> The reasoning of the authorities last above referred to is persuasive with respect to the situations dealt with, particularly as preventing the unfairness that could result from an unlimited right of a litigant to get evidence for himself from an expert employed by his adversary on ascertaining that the expert had given an opinion to his adversary which was unfavorable to the latter's case. (197 Va. at 657).

Farmer was not the only witness. The Highway Commissioner presented testimony of two other appraisers who were able to present that side of the case adequately.

An annotation on the point at 71 A.L.R. 3d 1119 points out varying views taken by different courts.

The third exception related to the addition of the various elements in the award. The arithmetic appears accurate.

As this Court can find no basis for setting aside the award by the Commissioners, the exceptions of the Highway Commissioner are overruled.

An Order in accord, affirming the award, will be entered on presentation.