**Marvin L. TENZER, P.C., Plaintiff,**

v.

**Marc A. LEWITINN, Defendant.**

**ZANE & RUDOFSKY, P.C., Plaintiff,**

v.

**Marc A. LEWITINN, Defendant.**

**Nos. 84 Civ. 5702–CLB, 84 Civ. 6154–CLB.**

United States District Court, S.D. New York.

Jan. 4, 1985.

---

Marvin L. Tenzer, Edward Rudofsky, Zane & Rudofsky, New York City, for plaintiffs.

Simon V. Haberman, New York City, for defendant.

## MEMORANDUM AND ORDER

CHARLES L. BRIEANT, District Judge.

By two identical motions filed January 3, 1985 in these related actions, defendant moves for an order "disqualifying the Honorable Mr. Justice [sic] Charles L. Brieant from hearing this matter on the ground that said Honorable Charles L. Brieant was the presiding justice [sic] in the trial of *Lamy Optic Industries, Inc. v. Passport International Ltd., et al.* In this action plaintiffs are suing for legal fees for said representation, and it is the intention of defendant to call said Honorable Justice [sic] Brieant as a necessary witness in the trial in this action."

The motions recite that they are made pursuant to "FRCP Rule 63, U.S.Code 28, section 144, Revised Section 455 and 455(b)(1)." The supporting affidavits of defendant set forth no facts suggesting any bias, improper relationship or stock ownership on the part of the assigned trial judge in these jury cases. Apart from describing these cases as actions to recover legal fees for representing Lewitinn in the aforementioned *Lamy* trial, the only fact relied upon in support of the motions is the following statement:

> "Inasmuch as it is the intention of defendant Marc A. Lewitinn to call upon His Honor Justice Brieant as a witness to describe the quality of the representation, it is respectfully requested that His Honor disqualify himself."

No memorandum of law was submitted with the motions as required by Rule 3(b) of the local Civil Rules. The citations in the notices of motion add nothing to the affidavits. Rule 63, F.R.Civ.P. provides no basis for a disqualification of a trial judge. It merely authorizes replacement of a judge under disability by another member of the Court. Section 144 of Title 28, also cited and relied on, applies only to disqualification in the event of "personal bias or prejudice." The affidavits contain no facts or reasons for a belief that bias or prejudice exists, indeed no such assertion is made. It is illogical that a party to a civil lawsuit would call an expert witness to testify in his behalf if he believed the witness to be biased or prejudiced against him. Nothing is found in § 455 of Title 28 except the second half of § 455(b)(1) referring to "personal knowledge of disputed evidentiary facts concerning the proceeding."

Even this provision is inapplicable. The testimony sought to be elicited involves not "evidentiary facts" within the statute, but expert opinion evidence. Any testimony as to the "quality" of legal representation furnished in a prior trial by a trial attorney calls for opinion evidence of the most subjective kind. The quality of a lawyer's work in the pit calls for a value judgment which, like beauty, is usually in the eye of the beholder. That is particularly true in this case where the trial ended as a result of a settlement, so that it could not be said with certainty whether the plaintiff lawyers, or any of them, "won" or "lost."

The undersigned Judge is fully employed in his capacity as a district judge administering a substantial docket of civil and

criminal cases pending in the Mother Court, the oldest and busiest in the nation. He does not hold himself out as available to give expert testimony or opinion evidence in civil trials. He has not agreed with defendant Lewitinn or anybody acting in his behalf to testify in either of these cases or to express an expert opinion with respect to any matter in issue between these parties, let alone the "quality" of plaintiffs' legal services.

Furthermore, it is common knowledge that an active district judge is prevented by Judicial Conference resolutions from engaging in another business. The expert witness, or "hired gun" is hardly ever found to give his or her opinion testimony without a fee.

Since these are diversity cases, under Rule 501, F.R.Evid., the privilege of a witness is required to be determined by New York law. New York has always recognized that opinion evidence or expert testimony of a non-party witness cannot be compelled against his will. *Peo. ex rel. Kraushaar Bros. & Co., Inc. v. Thorpe,* 296 N.Y. 223, 72 N.E.2d 165 (1947); *cf. Kaufman v. Edelstein,* 539 F.2d 811, 820 (2d Cir.1976). The undersigned will avail himself of this privilege to refuse to testify as to the quality of the services, something which is clearly a matter of opinion or expert testimony.

In considering a motion for disqualification, "[a]lthough the facts stated in the affidavit are to be taken as true, the judge may inquire into their legal sufficiency. Indeed he must do so." *Rosen v. Sugarman,* 357 F.2d 794, 798 (2d Cir.1966). See also *National Auto Brokers Corp. v. General Motors Corp.,* 572 F.2d 953, 958 (2d Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 844, 59 L.Ed.2d 38 (1979).

Since, for the reasons mentioned, the affidavits and motions for disqualification are clearly insufficient on their face, the motions are each denied.

So Ordered.