*35 OPINION OF THE COURT
Leon Deutsch, J.
This action was commenced by petitioner who seeks a final order of custody of the parties’ two children; the action is pending and in the midst of trial. The parties were divorced in 1985 and the order of the Supreme Court, Kings County, provided for joint custody with physical custody with the respondent for a period of six months from April 16, 1985. That Supreme Court order was and is subject to any further order of the Supreme Court or the Family Court. The petitioner commenced this proceeding October 16, 1985.
The petitioner has moved to have admitted into evidence reports prepared by Dr. Abbott, formerly of the court’s Mental Health Clinic, who examined the parties for this court, and Dr. Milani, formerly of the Brooklyn Center for Families in Crisis, who examined the parties at the request of the Justice of the Supreme Court in the earlier divorce proceeding between the two parties. While both doctors are presently physically available to testify, they are requesting fees as expert witnesses which the petitioner, who is represented by counsel assigned by this court, cannot afford to pay. The respondent objects to the admission of these reports, absent the testimony at trial of the doctors, as inadmissible hearsay.
The court is presented with the unique issue of whether these reports are admissible under certain hearsay exceptions because the witnesses are "unavailable” due solely to petitioner’s financial inability to pay the demanded witness fees.
The motion to admit the reports of Dr. Milani is granted and the motion to admit the reports of Dr. Abbott is denied.
CPLR 4517 provides for prior testimony of an unavailable witness to be made part of the record of a subsequent proceeding between the same parties if certain conditions have been met. Once these conditions are met, the prior testimony as well as "all exhibits and documents introduced in connection with it, may be introduced in evidence by any party * * * subject to any objection to admissibility other than hearsay.”
CPLR 4517 provides that the second or subsequent action must be between the same parties and on the same subject matter. In the case at bar the parties are the same, the subject matter — custody—is the same and, in fact, respondent’s counsel in this action duly cross-examined Dr. Milani at the prior divorce and custody proceeding in the Supreme Court.
*36 In addition to these conditions, CPLR 4517 requires that the witness must be unavailable because of "privilege, death, physical or mental illness, absence beyond the jurisdiction of the court to compel appearance ’ by its process or absence because the proponent of his statement does not know and with diligence has been unable to ascertain his whereabouts, or because he is incompetent to testify by virtue of section 4519”. The issue then is whether Dr. Milani is presently unavailable within the meaning of this section.
As noted above, Dr. Milani’s requested witness fee is more than the petitioner can afford to pay. It is settled that though this court may compel the doctor to appear via subpoena (CPLR 2301), it cannot compel him to give opinion testimony which is exactly the type of testimony for which the petitioner seeks his appearance. (See, People ex rel. Kraushaar Bros. & Co. v Thorpe, 296 NY 223 [1947]; Plummer v Macy & Co., 69 AD2d 765 [1st Dept 1979]; Matter of Browning, 125 Misc 2d 896 [Fam Ct, Queens County 1984].)
In Hessek v Roman Catholic Church of Our Lady of Lourdes in Queens Vil. (80 Misc 2d 410 [Civ Ct, Queens County 1975]), a negligence action, the plaintiff wished to call a medical expert but could not afford to pay the demanded $750 fee. The plaintiff, therefore, moved to have the doctor’s records admitted under the business records exception to the hearsay rule pursuant to CPLR 4518. The defendant argued in opposition, that since the doctor was available to testify, his records should not be admitted without his testimony at trial. The Hessek court correctly noted that although the expert could be "compelled to testify to 'facts’ within his knowledge” he could not be compelled to testify as to his opinion. (Supra, p 411.) Thus, even though unavailability is not a requirement under the CPLR 4518 business records rule, the Hessek court reasoned that the doctor’s refusal to testify, in a case where the party could not afford to pay the witness fee, rendered the doctor’s unavailability the same as though he were deceased. That court, accordingly, granted in part the plaintiff’s motion and admitted the medical record under CPLR 4518, except as to medical opinion.
In the case at bar the issue is the custody of the parties’ children. Since the petitioner could not afford counsel, the court appointed such counsel pursuant to County Law § 722-b. Under County Law § 722-c, the court is also authorized to permit such appointed counsel to hire an outside expert but only in "extraordinary circumstances” may the fee exceed *37 $300. In this case, there has already been ample expert testimony by the respondent’s expert, and also by the court’s Mental Health Clinic. In the circumstance, this court does not believe that such extraordinary circumstances exist. Nevertheless, this court will not penalize a party for whom it has appointed counsel for her financial inability to pay a witness’ fee, nor for appropriate statutory fiscal constraint upon the court.
This court holds that due to the court’s inability to compel Dr. Milani to testify as to his opinions and recommendations as to these parties, he is effectually absent beyond the jurisdiction of the court to compel his appearance by its process as a matter of law. Accordingly, counsel for petitioner may order copies of the transcript of Dr. Milani’s testimony before the Supreme Court pursuant to County Law § 722-c, and he may introduce these transcripts as well as any "exhibits and documents introduced in connection with it” (CPLR 4517) including reports prepared by Dr. Milani which were introduced at the earlier proceeding.
The petitioner’s motion with respect to the testimony and reports of Dr. Abbott is denied. Although some of the rationale herein applied to Dr. Milani’s reports and testimony may be applicable to Dr. Abbott’s reports, it is insufficient to allow the admission into evidence of Dr. Abbott’s reports.
Unlike Dr. Milani, Dr. Abbott never testified in any action between the parties and, of course, was never cross-examined. His report, were it to be admitted, would be received solely as a business record under CPLR 4518 and as set out in Hessek (supra). In Hessek, however, the court limited the admissibility of the medical records to certain factual information contained in the reports which had some bearing on the factual issues to be resolved. In the case at bar, the reports of Dr. Abbott were prepared, not in the course of the parties’ treatment, but at the request of this court so that Dr. Abbott could give his opinions, diagnosis and recommendations at the instant custody hearing. Therefore, any factual information which may be contained therein regarding the examination would be composed of Dr. Abbott’s subjective descriptions of the parties or the contentions of the respective parties. Without Dr. Abbott’s testimony, his subjective descriptions cannot be admissible and the contentions of the parties which are merely incidental to the issues to be resolved by this court from all of the evidence and testimony at trial are not relevant outside of the framework of the doctor’s expert *38 opinion. This is especially true since Dr. Abbott was never cross-examined regarding the contents of his reports. Accordingly, CPLR 4518 is inapplicable, and these reports will not be admitted even as a business record.
The court further holds that though Dr. Milani’s testimony at the prior proceeding is admissible in the case at bar, his report cannot be utilized to cross-examine respondent’s expert Dr. Horowitz. Dr. Horowitz testified that he read, but did not rely upon, the report of Dr. Milani. In this respect the report is similar to books of science about which an expert may be cross-examined only where he referred to the treatise "as supporting or corroborating him” (Richardson, Evidence § 373 [Prince 10th ed]).
Although the report and testimony of Dr. Milani is hereby deemed admissible, the court will give such evidence the limited weight it requires. The court notes that it is some considerable time since Dr. Milani’s examinations were conducted and his testimony taken at the prior Supreme Court trial, and that he did not testify in this proceeding. In its consideration of expert witness testimony and reports, this court will give the most weight to the testimony and reports of Dr. Horowitz and Dr. Gluck who have both testified before this court in the instant proceeding.