▋ ARMAND GUGLIANO, Respondent, v. HELENA LEVI, as Executrix of MAX LEVI, Deceased, et al., Appellants.— In an action to recover damages for personal injury suffered by plaintiff as a consequence of the alleged malpractice of two physicians and a hospital, in which the hospital asserted a cross complaint against the physicians, the three defendants appeal as follows from a judgment of the Supreme Court, Queens County, entered October 8, 1964 after trial upon the jury's verdict and the court's decision: (1) One of the defendant physicians and the executrix of the other defendant physician appeal from so much of the judgment as awarded to plaintiff damages of $106,000 against them. (2) The hospital appeals from so much of the judgment as awarded to plaintiff damages of $6,000 against it, and as dismissed its cross complaint against its two codefendants. Judgment, insofar as appealed from by the respective parties, reversed on the law, and a new trial granted, with costs to abide the event. The findings of fact implicit in the jury's verdict are affirmed. In our opinion, it was error for the learned Trial Justice to allow plaintiff to call Dr. Roen as a witness (the doctor being present under a subpœna issued by plaintiff's attorney); to permit this doctor to testify as a witness on plaintiff's behalf, and to receive in evidence the report which this doctor had previously furnished to certain of the defense counsel. It was undisputed that, prior to the trial, these defense attorneys had employed Dr. Roen for the purpose of obtaining his expert opinion as to whether the physicians named in the complaint had been guilty of malpractice as charged therein. In fact, it was Dr. Roen's opinion, expressed in his report to the attorneys who had retained him, that malpractice had occurred. It further appears that plaintiff called Dr. Roen as a rebuttal witness, and thereupon offered in evidence the doctor's original report to the defense attorneys, although the plaintiff had previously rested his case on the testimony of another expert witness who fully and capably testified as to the malpractice charged. The plaintiff's use of Dr. Roen and his report constituted a basically improper trial tactic. It enabled plaintiff to turn unfairly to his advantage the opinion of an expert for the defense who had already been engaged by his adversaries and had reported to them, though plaintiff himself lacked no expert testimony in proof of his own cause of action (*Ramacorti* v. *Boston Redevelopment Auth.,* 341 Mass. 377, 379). It permitted plaintiff indirectly to contravene the interdictions contained in the present practice code covering discovery procedures, which absolutely prohibit the utilization of an attorney's work product by his adversary and which conditionally bar his use, without prior leave of the court, of the opinion of an expert who had been retained by an opposing party (CPLR 3101, subds. [c], [d]; *Feingold* v. *Lewis,* 22 A D 2d 447, 449; *Zavaglia* v. *Engert,* 23 A D 2d 790; *Ehrlich* v. *Kubis,* 23 A D 2d 782; *Cohen* v. *Hardy,* 23 A D 2d 793). Under the prior Civil Practice Act, operative when this action was commenced in 1956, there was likewise excluded from discovery and inspection the work product of a party's investigation of, and the expert's opinion on, an adversary's claim (*Naiman* v. *Niagara Fire Ins. Co.,* 283 App. Div. 1016; *Latorre* v. *Pepsi Cola Metropolitan Bottling Co.,* 204 Misc. 184, 185; *Mitchell* v. *Black & Decker Mfg. Co.,* 19 Misc 2d 887, 890; *Aquamarine Compania Naviera* v. *London & Overseas Ins. Co.,* 11 A D 2d 926, Case No. 3, Case No. 4). In our judgment, where the expert called is a person who has been employed by the opposing party, and where, in a discovery proceeding prior to the trial, the court had not made any finding of difficulty in obtaining other expert testimony (CPLR 3101, subd. [d]), there

is no warrant for the Trial Justice to allow one party to subpœna as a witness the other party's expert and to admit into evidence such expert's report to his employer. The practice thrusts the expert into the intolerable position of working for both sides, and into violation of his "ethical obligation not to accept a retainer from the other side" (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.52, p. 31-48). It might also be noted that Dr. Roen's opinion was based solely upon his examination of records and writings; his opinion was not formulated upon the basis of his physical or clinical examination of the plaintiff, so as to make his report available to the plaintiff as part of the conventional exchange of medical information in a negligence action (CPLR 3121). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.