### (April 21, 1977)

■ SULLIVAN'S OF LIBERTY, INC., et al., Appellant, v BURROUGHS CORP., Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered May 21, 1975 in Sullivan County, upon a dismissal of the complaint by the court at a Trial Term at the close of plaintiff's case. Plaintiff's action is one to reform and rescind a contract under which it purchased certain equipment from the defendant. Since Trial Term has dismissed the complaint for want of establishing a prima facie case, we must view the evidence in the light most favorable to plaintiff on its appeal (CPLR 4401; *Parvi v City of Kingston,* 41 NY2d 553; *Braunstein v Robinson,* 47 AD2d 700). The testimony reveals that plaintiff operated a department store, intended to expand its operations, and wanted to upgrade its accounting methods to better serve its present and anticipated needs. Following extended negotiations with the defendant, a manufacturer of automated data processing equipment, plaintiff agreed to buy one of its "Series 6000" electronic accounting systems upon the belief and representation that it would be able to perform certain accounts payable, expense analysis and payroll functions. The apparatus was delivered and installed about one year after the October 16, 1968 contract date. Plaintiff became disenchanted with its operation and commenced this action in 1972 after discontinuing its use. Plaintiff's theory in support of reformation was that the contract failed to contain the entire agreement of the parties by omitting certain express understandings concerning the fitness of the system to satisfactorily perform the tasks that would be assigned to it. In order to obtain such relief, it was necessary for plaintiff to show by clear, positive and convincing evidence that the writing did not contain the missing terms through the parties' mutual mistake or unilateral mistake on one side and fraud on the other *(Amend v Hurley,* 293 NY 587; *Curtis v Albee,* 167 NY 360). Accepting plaintiff's theory, we agree that the general merger clause of the contract disavowing representations and warranties not specified therein was no bar to its action for reformation as a legal or factual proposition *(Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 86), but that is not the issue. Disregarding that clause in its entirety, plaintiff's evidence simply failed to match its burden of proof and disclosed nothing more than an erroneous belief on its part that the new equipment would perform more consistently than it did in actual usage. Defendant agreed to program and repair the system and there was no claim that it misrepresented its responsibility in that regard or failed to live up to it. Plaintiff makes much of the fact that the equipment often became inoperable thereby forcing it to resort to time-consuming manual processes. However, those interruptions were plainly the result of mechanical or programming deficiencies which

defendant promptly tried to rectify. At other times the system operated correctly and furnished the materials expected of it. In any event, plaintiff never convincingly demonstrated that defendant mistakenly represented its equipment would perform without some disruption, much less that it fraudulently procured the contract upon such an understanding (see *Lanzi v Brooks,* 54 AD2d 1057). That the parties hoped the system would function with a degree of continuity cannot be denied, but there is no indication that they ever intended to include a definite provision to that effect in their contract or that the defendant deceitfully promised that it would do so knowing the facts to be otherwise. Absent the reformation sought by plaintiff, the reason for a rescission of the agreement disappears and, furthermore, no adequate ground for cancellation of the contract was developed. Judgment affirmed, with costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.