OPINION OF THE COURT
Ira Gammerman, J.
This motion to dismiss, set aside the verdict and direct judgment in favor of defendants, follows a jury trial and verdict for plaintiff for damages suffered as a result of oral surgery performed without informed consent. The defendants base their argument on the failure of plaintiff to comply with CPLR 4401-a which states: “A motion for judgment at the end of the plaintiff’s case must be granted as to any cause of action for medical malpractice based solely on lack of informed consent if the plaintiff has failed to adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent.”
This court is in agreement with the opinion of the Attorney-General that CPLR 4401-a applies to medical rather than dental malpractice cases (Opns Atty Gen, Oct. 23, 1979). The claim here is based on dental, not medical malpractice.
*759 Even if CPLR 4401-a applied to the instant case defendants’ motion would have to be denied. CPLR 4401-a refers to an action in which the claim is based solely on lack of informed consent. Here, an examination of the complaint indicates that the cause of action against each defendant, the defendant dentist and his employer hospital, was based on negligence (malpractice) and lack of informed consent. The motion to dismiss the complaint at the end of plaintiff’s case was, therefore, properly denied.
If it was necessary for plaintiff to offer “expert medical testimony in support of the alleged qualitative insufficiency of the consent” (and the court has held that it was not necessary), such testimony was obtained from the expert witness called by defendants.
During the trial, on the defendants’ case, the attorney for plaintiff questioned the expert witness called by defendants with respect to the qualitative nature of the information which should have been given to a patient prior to surgical extraction of an impacted molar. Defendants’ attorney objected arguing that this was an improper attempt by plaintiff to elicit testimony in support of plaintiff’s claim from an expert retained by defendants. Defendants cited Gnoj v City of New York (29 AD2d 404) and Gugliano v Levi (24 AD2d 591) both of which hold that for plaintiff to call defendant’s expert places that expert in the ethical quandary of having to serve two masters.
Whether or not questioning an expert called by an adversary raises the issues dealt with in Gnoj (supra) and Gugliano (supra), aside, it is the view of this court that the ethics and morality which concerned the Gnoj and Gugliano courts require re-examination.
The testimony of a witness, particularly an expert, should be totally unaffected by the question of which party to the litigation retains that expert. An expert belongs to no one.[1] With respect to his or her observations that expert should be subject to call (or subpoena) by any party *760 (McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20; Glass v Rochester Gen. Hosp., 74 AD2d 732). With respect to the opinion of an expert, that opinion should be equally available to all parties willing to pay an appropriate fee for time consumed by travel and testimony, and for whom the expert is willing to testify as to that opinion. To conclude that the opinion will, in any way, be based on which party pays for the examination (or tests or consultations) and on which party pays for the testimony, does gross disservice to the expert and to his or her integrity. The trier of fact is entitled to all available information so as to be in a position to make a reasoned, intelligent judgment. If, for example, two experts (retained by opposing parties) are in agreement, should this information be kept from the trier of facts because of a highly dubious concept of ethics?
Indeed, this erroneous ethical view would enable one party to the litigation to deny access to outstanding experts in a particular field to its adversary by consulting and “retaining” those experts first. This point is made by Chief Judge David Edelstein in United States v International Business Machs. Corp. (406 F Supp 175, app dsmd 539 F2d 811) in which he compelled testimony for the plaintiff from an expert employed by Arthur D. Little, Inc. (ADL) although the defendant was a client of ADL and ADL was participating in the defense of the case. (See, also, Carter-Wallace, Inc. v Otte, 474 F2d 529, 412 US 929.)
This court is not suggesting that an expert witness be compelled to testify against his or her will (see People ex rel. Kraushaar Bros. & Co. v Thorpe, 296 NY 223), but rather that such expert (if he or she is willing to give expert testimony in return for an appropriate fee) be equally available to all parties.[2]
*761 In light of the foregoing, defendants’ motion to dismiss, set aside the verdict and direct judgment in their favor is denied.

. This point was made by Professor Milton Wessel in an article, Institutional Responsibility, Professionalism and Ethics, published in the July, 1981 issue of the Nebraska Law Review. Professor Wessel suggests that judges should call in experts before hearings and advise them clearly and precisely of their obligations as witnesses to the truth, and that they are not adversaries or advocates. (60 Nebraska L Rev 504, 517.)

. In a personal injury case recently tried by this court with a jury, plaintiff’s attorney had referred plaintiff to a doctor shortly after the accident. In preparation for trial plaintiff was re-examined. In connection with that re-examination, the physician issued a report (which was exchanged) expressing the opinion that plaintiff’s present complaints were unrelated to his initial injury. At trial, plaintiff called another doctor who had not examined him and who, therefore, testified only in response to a hypothetical question. The defendant subpoenaed the physician who had recently examined the plaintiff and who was willing to testify with respect to his opinion. The court decided that for the jury to be precluded from hearing that testimony might result in unjust verdict. It is suggested that the holdings in Gnoj (supra) and Gugliano (supra) can only lead to such injustice.