OPINION OF THE COURT
B. Thomas Pantano, J.
Defendant and third-party plaintiff W. H. Nichols Co. (Nichols) has moved this court for an order precluding plaintiff’s attorney from referring at the trial to any conversation and/or correspondence between plaintiff’s attorney and Nichols’ expert. Nichols further seeks an order qualifying his expert as such or in the alternative setting the matter down for a hearing. The movant also seeks an order directing third-party defendant Thomson Industries, Inc. (Thomson) to submit to an examination by Julio Delgado.
The plaintiff brings this action to recover for personal injuries sustained while operating a “semi-automatic Mil *59 ler” manufactured by the defendant Nichols. Thomson was plaintiff’s employer and Delgado’s examination is sought to determine whether he instructed plaintiff in the use of the machine.
In preparing its defense Nichols retained the services of an expert, Joseph Schwalje (Schwalje) to examine and evaluate the machine which allegedly injured the plaintiff. It is claimed that the examination did not take place because plaintiff’s attorney informed movants’ attorney that he had discussed the subject matter of the action with movants’ expert.
In his affidavit on this motion Schwalje states he was retained by movant for the purposes of conducting a discovery and inspection of the machine in question and to testify upon the trial. On August 24, 1982 he appeared at Thomson’s premises to inspect the machine at which time plaintiff’s counsel, Michael Clifford (Clifford), introduced himself. Schwalje further stated he had known Clifford for 10 to 12 years since he had previously appeared for him as an expert.
Clifford told Schwalje on August 24, 1982 that he had called him and asked him to become an expert on behalf of the plaintiff. Schwalje disclaims any knowledge or recollection of any such conversation ever having taken place.
Clifford, in his affidavit in opposition to the motion, states that in April of 1979 he contacted Schwalje by telephone and was informed that since he testifies for the manufacturing industry with regard to similar machines to the one involved in this case, he would not appear as plaintiff’s expert.
Clifford goes on to state he notified movants’ counsel in order to avoid any “potential problems at the trial.” He also alludes to “any potential conflict” and suggests Nichols retain another expert.
This issue presented is a novel one. Simply stated, the question is: Is an expert, retained by a litigant, subject to disqualification because he has been contacted by an adversary to the litigation? The answer to this question is no.
An expert may be retained by only one side and an adversary should not seek out his opponent’s expert for to *60 do so would place the expert in the unethical position of accepting a retainer from both sides (Gnoj v City of New York, 29 AD2d 404, 407).
While this court has not been able to find any case directly in point it would appear that a good deal of mischief could be done in this area were a party able to disqualify a leading expert in a particular field merely by contacting him and explaining his case. If, as in the present case, a party has divulged certain information which he might not have, had he known the expert would not accept a retainer from him then the better practice would be to first determine whether there are any impediments to the expert’s retention.
The court does not feel, in this case, that the fact that the expert was retained after being contacted by the plaintiff is material. To hold otherwise would be disastrous, for a litigant could conceivably call leading experts in anticipation of their retention by his adversary and thereafter claim their disqualification thus leaving the adversary without a desirable expert.
The refusal of a retainer by an expert should not serve as a ground for his disqualification were he retained by an adversary. An expert is free to choose for whom he wishes to work. That is not to say that this is not a proper subject for inquiry upon a trial.
As to Schwalje, this court does not pass upon his expertise. That is more properly left to the trial court. While plaintiff’s counsel talks of “potential problems” or “potential conflicts” these are conclusions unsupported by any evidence. The court finds no basis for a pretrial hearing. If problems arise during trial they may well be disposed of upon an offer of proof outside the hearing of the jury.
The balance of the motion calling for the further examination before trial of Thomson through another employee is granted. It appears that on August 24, 1982 movant examined Thomson through an employee produced by Thomson pursuant to court order. The testimony given *61 indicated that Julio Delgado might well be able to give testimony with respect to the issues in this case.
Except as herein set forth the motion is otherwise denied.