■ ISRAEL SLUTZKY et al., Appellants, v ROBERT R. J. GALLATI et al., Respondents, et al., Defendant. — Appeal (1) from a judgment of the Supreme Court in favor of defendants, entered April 16, 1982 in Greene County, upon a dismissal of the complaint by the court at Trial Term (Conway, J.), at the close of plaintiffs' case, and (2) from an order of said court, entered June 18, 1982 in Greene County, which denied plaintiffs' motion to set aside the judgment. This is an action to reform a deed. At the close of plaintiffs' case, the trial court dismissed the complaint for failure to prove a cause of action for reformation of the deed. This appeal by plaintiffs ensued. The record reveals that after negotiations, plaintiffs agreed to sell three lots designated as numbers 15, 16 and 17 to defendants. On this appeal we are concerned only with lot number 17. The critical circumstance of the controversy is a clause in the deed which was crossed out. The clause pertained to the right of plaintiffs to veto any future construction on the lots. The record further reveals that during sales negotiations for the lots, defendants insisted that such a clause be stricken from the deeds. While the parties agreed on other clauses to be contained in the deeds, plaintiffs did not agree to strike out the right to veto clause. At trial, defendant Robert Gallati testified that when the deeds were shown to him, the clause in question was crossed out. Plaintiff Orville Slutzky testified that at the time he and his brother executed the deeds, he did not remember or recall if the clause was then stricken. He further testified that if there was any crossing out, and he was involved, he would have initialed the crossing out. There was no initialing. It is well established that in order to reform a written agreement, it must be demonstrated that the parties came to an understanding but, in reducing it to writing, through mutual mistake or through mistake on one side and fraud on the other, omitted some provision agreed upon or inserted one not agreed upon (*Curtis v Albee,* 167 NY 360). It is equally well established that reformation may not be granted upon probability or even upon a mere preponderance of evidence, but only upon a certainty of error (*Amend v Hurley,* 293 NY 587; *Sullivan's of Liberty v Burroughs Corp.,* 57 AD2d 664, mot for lv to app den 43 NY2d 644). This exacting burden of proof was on plaintiffs to demonstrate the existence of the necessary elements to establish a cause of action for reformation. Furthermore, contrary to plaintiffs' contention, defendants were not required to prove anything, including affirmative defenses, until plaintiffs had made out a prima facie case. Considering the record in its entirety, in light of these principles, we affirm the actions taken by the trial court. There is no proof of fraud in the record. Plaintiffs clearly wanted to retain the right to veto any future construction and defendants were equally opposed to such a clause. Consequently, the trial court properly concluded there was no mutual mistake and therefore dismissed the complaint. Judgment and order affirmed, with costs. Sweeney, J. P., Casey, Weiss and Levine, JJ., concur; Kane, J., not taking part.