■ In the Matter of the Estate of ETHEL B. ATKINSON, Deceased. FIRST NATIONAL BANK OF CORTLAND et al., as Coexecutors of ETHEL B. ATKINSON, Deceased, Respondents; YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF CORTLAND, NEW YORK, INC., Appellant.—Weiss, J. Appeal from an order of the Surrogate's Court of Cortland County (Kepner, Jr., S.), entered February 26, 1985, which denied a motion for the appointment of an independent expert witness.

This is a proceeding for the judicial settlement of the account of the coexecutors of the estate of Ethel B. Atkinson. Respondent is a residuary charitable legatee under the will, entitled to a 2% share of the estate. When this matter was previously before this court, we determined that the Surrogate improperly quashed a subpoena issued by respondent to one Robert J. Galey, then a trust officer with the Bank of New York, before a determination could be made as to whether Galey's opinion as an expert was being sought (103 AD2d 960). The purport of our decision was that the witness could be required to testify as to "custom and usage" of estate management in the banking industry, if he was so qualified. Although the actual transcripts are not before us, the record indicates that on December 17, 1984, Galey was called by respondent to testify, but denied knowledge of "custom and usage" in the management of decedent's estates. On that same date, respondent's motion for the appointment of an independent expert witness to examine the books and records of the coexecutors was denied, giving rise to this appeal.

Although we agree with respondent's contention that the Surrogate has the inherent power to appoint an expert witness if necessary to achieve a just disposition *(see, Scott v Spanjer Bros.,* 298 F2d 928, 930-931), under the circumstances presented herein, we find no abuse of discretion in the Surrogate's refusal to do so. This was not a proceeding lacking in expert testimony. The coexecutors produced one William Fancher, senior vice-president and trust officer of Key Trust Company, a division of Key Banks, Inc., of Syracuse, New York, who testified not only as to "custom and usage" of estate management in the banking industry, but also rendered an opinion that the subject estate was properly administered. Significantly, respondent had every opportunity to cross-examine this witness *(see, Carrasquillo v Rothschild,* 110 Misc 2d 758). Moreover, respondent was allowed to examine Galey, and while the latter apparently was uncooperative, no effort was made to hold this witness in contempt. The Surrogate was in the best position to determine whether any further expertise was necessary to assess the propriety of the estate's management.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.