■ ELSE YOUNG et al., Appellants, v EVERETT P. STRONG et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court in favor of defendants, entered April 10, 1985 in Washington County, upon a decision of the court at Trial Term (Mercure, J.), without a jury.

This appeal involves one of three actions commenced to establish the proper boundaries of four contiguous parcels of land located in the Town of Putnam, Washington County. All four parcels are part of what is referred to as "lot 8", a piece of land bounded on the west by Lake George and on the east by Lake George Avenue, a public highway. Lot 8 was formerly owned by Glenburnie, Inc., a corporation which had been wholly owned by the now-deceased husband of plaintiff Else Young. In 1975, the northerly most parcel of lot 8 was conveyed to Ronald and Jeanne Lobravico. In 1976, the parcel adjacent to the Lobravico parcel on the south was conveyed to Anna Blair Vincent. In 1977, the parcel adjacent to Vincent's parcel on the south was conveyed to defendants, Everett P. and Jeri B. Strong. Finally, in 1980, the remaining property in lot 8, the southerly most parcel, was conveyed by Glenburnie to Young. This conveyance came about by reason of the death of Young's husband and the resulting liquidation of Glenburnie.* The essence of the dispute here is the width or lake frontage of the four parcels.

The problem arises because Lake George Avenue is not parallel to the shoreline of Lake George. The distance from the highway to the lake is greater at the north end of the lot than at the south end, such that each parcel is roughly trapezoid shaped. The deeds indicate that the Lobravico and Vincent parcels are 25 feet wide and that defendants' parcel is 16 feet wide. The deed description of each parcel starts at the northeast corner of each parcel and states that the line runs south 25 feet (16 feet in defendants' deed) to a point and then

---

* During the pendency of this action, Young sold her property to Thomas Eliopoulos, who was then added to this action as a plaintiff.

west to the shore of Lake George. However, the deed does not state whether the 25- or 16-foot distance is measured along Lake George Avenue or along a perpendicular line from the north to south boundary lines, a line which closely approximates the lake shoreline. If the former is the case, the Lobravico parcel, the Vincent parcel and defendants' parcel will be slightly narrower and Young's parcel correspondingly wider. Conversely, if the distances in the deed refer to lake frontage, the Lobravico parcel, the Vincent parcel and defendants' parcel will be wider and Young's narrower. After a nonjury trial, Trial Term held in favor of Vincent, the Lobravicos and defendants. Young and Thomas Eliopoulos (hereinafter plaintiffs) have appealed.

Plaintiffs contend that Trial Term's decision to reform the deeds is not based on clear and convincing evidence of a mutual mistake of fact, as it must be (see, Slutzky v Gallati, 97 AD2d 561, lv denied 61 NY2d 602). However, this case does not involve reformation or a mutual mistake, but deals with interpretation of deeds in which the property description is ambiguous, such that Trial Term properly considered extrinsic evidence to determine the intent of the parties (see, Loch Sheldrake Assoc. v Evans, 306 NY 297, 304-305).

A great deal of testimonial and documentary evidence was offered, including a survey prepared by Andrew McCormack in support of plaintiffs' position and a survey prepared by Dennis Dickinson in support of defendants' position. Our review of the record convinces us that Trial Term properly interpreted the deeds in the manner urged by defendants. The Dickinson survey supports the decision, as does the positioning of existing docks on all four parcels. There was also testimony that it was customary to sell lakefront property by reference to the amount of lake frontage. Finally, Ronald Lobravico, Everett Strong and Reginald Vincent, the son of Anna Blair Vincent, testified that, based on discussions with Young's husband at the time of the conveyances, the width distances referred to lake frontage.

Contrary to plaintiffs' contention, the testimony of these three individuals was not reversible error in light of the Dead Man's Statute (CPLR 4519). Ronald Lobravico's testimony was not objected to on this ground. Reginald Vincent's testimony is not barred since he is not a party to the action. While Everett Strong's testimony should have been barred, the error in admitting it was harmless in light of the fact that the testimony of Ronald Labravico and Reginald Vincent was essentially the same.

Plaintiffs also claim that Trial Term erred in not allowing them to subpoena John Grady, a surveyor retained by defendants, whose survey allegedly supported plaintiffs' position. Where there is no difficulty in obtaining other expert testimony, one party may not call as a witness another party's expert *(Gugliano v Levi,* 24 AD2d 591; *cf.* CPLR 3101 [d]). Since plaintiffs had their own expert, it would have been improper for them to have called Grady.

We also reject plaintiffs' argument that Trial Term improperly refused to allow them to offer rebuttal evidence. After defendants presented their evidence, plaintiffs sought to recall McCormack as a rebuttal witness, in an attempt to reestablish the accuracy of his survey which had been discredited by Dickinson, and to have him impeach Dickinson's survey. Whether to allow rebuttal evidence is a matter within the trial court's discretion *(Hutchinson v Shaheen,* 55 AD2d 833, 834; *see,* CPLR 4011). Here, the McCormack survey was in evidence and the surveyor testified in order to certify to its accuracy. Any rebuttal would have amounted to a repetition of that earlier testimony. Further, this was a nonjury trial. The court had before it both surveys and it heard supporting testimony by the surveyors as well as cross-examination. It was within Trial Term's discretion to determine that it needed no further testimony in support of the McCormack survey or in opposition to the Dickinson survey.

Finally, we agree with plaintiffs that there is an error in the judgment. As already discussed, the parties agreed that the width of the Lobravico parcel, the Vincent parcel and defendants' parcel was 25 feet, 25 feet and 16 feet, respectively. The only dispute was whether those distances referred to lake frontage or distance along Lake George Avenue. In the judgment, Trial Term gave defendants 19 feet of lake frontage (19.35 feet along Lake George Avenue). It is not clear from the briefs whether this was simply a mistake or was based on a further survey. In either event, a modification is required. The Dickinson survey, which is part of the record and which was credited by Trial Term, clearly provides for 16 feet of lake frontage for defendants' parcel (17.3 feet along Lake George Avenue), not 19 feet. Therefore, the judgment must be modified accordingly.

Judgment modified, on the law and the facts, without costs, by reversing so much of schedule A thereof as provided for 19 feet of shoreline and modifying schedule A in accordance with defendants' exhibit A, and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.