OPINION OF THE COURT
Per Curiam.
The substance of a report prepared by a physician employed by defendant to examine plaintiff, and furnished to her, can be elicited by plaintiff as part of her direct case.
Plaintiff, Rose Gilly, was injured on November 7, 1978 when defendant’s ferryboat, on which she was a passenger, struck a seawall. Plaintiff was thrown on her back and several passengers fell on top of her. She was admitted to the hospital complaining of shortness of breath and chest pains. Defendant’s liability has already been established; only an assessment of damages and comparative fault are at issue in this action.
*511 Prior to trial, defendant retained Dr. John Edson, a cardiologist, to examine plaintiff and report his findings. Dr. Edson’s report, dated October 7, 1982, stated that plaintiff suffered from angina, that the condition was permanent, and that it would be impossible to refute that the condition had been caused or accelerated by the ferryboat accident. A copy of the report was sent to plaintiff’s counsel pursuant to court rules (22 NYCRR 660.11; now 202.17). Plaintiff subpoenaed Dr. Edson to testify as to both his fact findings and his conclusions on the cause of her condition. Prior to the voir dire, it was reported that the doctor did not wish to get involved in the trial but would appear if subpoenaed; at the voir dire Dr. Edson indicated no opposition to relating his findings. On defendant’s motion the trial court precluded his testimony in its entirety. Plaintiff, claiming that her injury resulted in heart disease, sought $500,000 in damages; she was awarded $15,000, and the Appellate Division affirmed the judgment. On appeal to this court, plaintiff contends that the trial court erred in precluding Dr. Edson’s testimony. We agree that error was committed, but only to the extent that the court precluded the substance of Dr. Edson’s report.
In McDermott v Manhattan Eye, Ear & Throat Hosp. (15 NY2d 20) we addressed the related issue of whether a physician-defendant could be called as an expert witness by the plaintiff in a medical malpractice case. We held that he could be, and refused to limit his testimony to "facts within his knowledge” and things he "actually saw and did.” The more enlightened view, we concluded, was that plaintiff should be permitted to examine his doctor-opponent as fully and freely as other qualified witnesses, and that such testimony could include expert opinion (id., at 26-29). We distinguished People ex rel. Kraushaar Bros. & Co. v Thorpe (296 NY 223) — in which we had held that a person may not be required to give an expert opinion involuntarily — noting that the defendant-physician was not an independent, disinterested witness forced to attend the trial merely because he is "accomplished in a particular science, art, or profession” who might be called upon in every case "in which any question in his department of knowledge is to be solved” (id., at 29). Rather, he was already connected to the case. Thus, while the "unwilling witness who is in no way connected with the action” could not be compelled to testify as an expert for the plaintiff, we held in McDermott that the defendant-physician — by virtue of his existing association with the case — could be (id.).
*512 We further noted in McDermott that, in the required retrial of that case, the Judge would undoubtedly be confronted with a separate request by plaintiff "to call as a witness * * * an independent ophthalmologist who had examined her, prior to [the first] trial, at the instance of a defendant” for the purpose of interrogating him solely about "the condition of her eyes and such other facts which he might have ascertained on his examination.” The court did no more than comment that the plaintiff was "certainly privileged to question [the ophthalmologist] to the extent she has indicated” (id., at 30). We had no occasion to, nor did we, consider plaintiff’s right to question that physician as to his findings on the cause of her condition, the issue presented before us.
Here we conclude that a physician in the position of Dr. Edson, who has examined the plaintiff, formulated his findings and had them conveyed to both parties in litigation, should not be barred from relating the substance of his report when called as a witness by plaintiff. Permitting such evidence furthers truth-seeking objectives without engendering the concerns expressed in McDermott (supra) and Kraushaar (supra). First, disinterested persons need not fear being drawn into litigation on limitless occasions because of their distinctions and attainments. Dr. Edson voluntarily involved himself in the case, when he undertook to — and did in fact — examine plaintiff and report his findings regarding her condition, and at trial expressed no objection to relating his findings. Second, the physician is not being compelled to express an opinion against his will, but only to relate conclusions already formulated and fully disclosed (see, Liddy v Frome, 85 AD2d 716; Nielsen v Brown, 232 Ore 426, 444, 374 P2d 896). Finally, there is no danger that by giving this limited evidence the physician would be thrust into an ethical dilemma or pulled apart by competing loyalties (see, Meyer, The Expert Witness: Some Prospects for Change, 45 St John’s L Rev 105, 114). Once a physician’s report has been reduced to writing and served on the adversary, it ceases to be for the exclusive use of defendant. At that point both sides have access to this probative evidence and there is no basis for withholding it from the trier of fact.
In concluding that the evidence should not, as a general matter, be foreclosed, we of course do not negate the discretion that may be exercised by the lower courts in particular cases to protect against abuse, overreaching and undue prejudice to any party.
*513 Accordingly, the order of the Appellate Division should be reversed, with costs, and a new trial granted.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Alexander taking no part.
Order reversed, etc.