■ BARAK PULLO et al., Appellants, v ABRAHAM STERN et al., Respondents.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered January 8, 1990 in Rockland County, upon a verdict rendered in favor of defendants.

Plaintiff Barak Pullo (hereinafter plaintiff) and his wife commenced this personal injury action alleging negligence in the operation of an automobile owned by defendant Jares Construction Corporation and driven by defendant Abraham Stern (hereinafter defendant). The action of plaintiff's wife is derivative. After a bifurcated trial on the issue of liability, the jury rendered a verdict in defendants' favor. Supreme Court denied plaintiffs' motion to set the verdict aside and for a new trial, made on the ground that the court erred in refusing to accept rebuttal testimony from a police officer to whom defendant allegedly made a statement which was different from his trial testimony.

Plaintiffs contended that defendant attempted to raise the car window while plaintiff's father, Daniel Pullo, had his arms inside the car and then began to drive off, dragging his father several feet. Plaintiff claimed that as he attempted to rescue his father the car ran over his foot, causing injury. Defendant denied the allegations and contended that he became frightened when Daniel Pullo threatened to kill him unless he paid a business debt and that he drove away and went directly to the police station to report the incident.

After both parties had rested, plaintiffs sought to have Police Officer Martin Pignatelli testify as to a prior inconsistent statement made by defendant. Plaintiff contended that at the station defendant admitted to Pignatelli that "he rolled up the window of his car to make [Daniel Pullo] release him", which version differed from his trial testimony. Supreme Court refused to permit this rebuttal evidence, holding that plaintiffs should have offered the testimony as part of their case-in-chief.

On this appeal, at issue is whether Pignatelli's testimony was material, in which event it would have been admissible,

or whether it was collateral. Since plaintiffs admitted that their purpose was to impeach defendant's credibility through use of a prior inconsistent statement, the desired testimony was clearly collateral. Although material testimony of a party may be impeached, contradicted or discredited on rebuttal *(Ankersmit v Tuch,* 114 NY 51), it was not error to have excluded such proof here because the jury was already aware of the inconsistent story defendant told to the police. Therefore, the ruling cannot be said to have prejudiced plaintiffs *(see, Frias v Fanning,* 119 AD2d 796, 797). Plaintiffs knew what defendant's position would be from his deposition testimony and the police reports and could have introduced the contrary proof on their direct case. The decision to allow or reject rebuttal evidence is a matter within the discretion of the trial court *(see, Young v Strong,* 118 AD2d 974, 976). We find no abuse of that discretion here *(see, Gobbelet v Hit Cycle Corp.,* 121 AD2d 682, 683).

Mahoney, P. J., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.