OPINION OF THE COURT
Stanley L. Sklar, J.
An evidentiary issue presented at the trial of this medical malpractice action was whether plaintiffs may call as their *689 expert a physician who had examined the injured plaintiff on behalf of a defendant during the course of discovery. This court held that plaintiffs could call the physician as their expert.
Dr. Davis, a urologist, had at the request of a defendant physician, Dr. Whitely, performed a physical examination of Mr. Demeter in 1984. The report of his examination was transmitted to plaintiffs’ counsel in September 1984. About eight years later plaintiffs’ counsel, shortly before trial, overlooking that report in his file and therefore not knowing that Dr. Davis had performed that examination, presented Dr. Davis with medical records and asked whether, after reviewing them, he would be willing to serve as plaintiffs’ medical expert at trial. After review, Dr. Davis agreed to testify on plaintiffs’ behalf since he had concluded that Dr. Whitely had departed from good and accepted standards in his medical care of Elmer Demeter. When Dr. Davis was notified that the trial was scheduled and he would be called to testify, a member of his staff drew his attention to the fact of his earlier examination of Mr. Demeter.
Dr. Whitely objected to Dr. Davis being permitted to testify on behalf of plaintiffs. First, Dr. Whitely argued that by accepting payment from a defendant for the examination of Mr. Demeter and also accepting payment for testifying for plaintiffs at trial, Dr. Davis was in the unethical position of serving two masters who had conflicting interests. (See, Meyer, The Expert Witness: Some Proposals for Change, 45 St John’s L Rev 105, 113-114.) Second, Dr. Whitely feared that the jury would believe that Dr. Whitely had vouched for the witness by retaining him to examine Mr. Demeter, thus unfairly bolstering Dr. Davis’ testimony on liability.
The claim that Dr. Davis would unethically represent two masters is grounded on an outmoded concept that one purchases the opinion of an expert. An expert is theoretically an individual with specialized knowledge who shares information with the trier of facts to aid in the resolution of a disputed technical issue. "With respect to the opinion of an expert, that opinion should be equally available to all parties willing to pay an appropriate fee for time consumed by travel and testimony, and for whom the expert is willing to testify as to that opinion. To conclude that the opinion will, in any way, be based on which party pays for the examination (or tests or consultation) and on which party pays for the testimony, does gross disservice to the expert and to his or her integrity. The *690 trier of fact is entitled to all available information” (Carrasquilla v Rothschild, 110 Misc 2d 758, 760).
The Court of Appeals in McDermott v Manhattan Eye, Ear & Throat Hosp. (15 NY2d 20) held that a physician defendant could be called as an expert witness as well as a fact witness in a medical malpractice case. The argument "that it is somehow neither sporting nor consistent with the adversary system to allow a party to prove his case through his opponent’s own testimony” was rejected in favor of the belief that " '[t]he ultimate requirement that judicial decisions be based on the * * * facts overcomes any detriment which might be suffered by the adversary system’ ”. (15 NY2d, at 28.) The Court distinguished its earlier decision in People ex rel. Kraushaar Bros. & Co. v Thorpe (296 NY 223) in which it held that a disinterested person may not be required to give an expert opinion involuntarily. That very inability to call a disinterested expert underscored the importance of letting the plaintiff question the defendant as an expert. The Court further noted that the plaintiff was entitled to call a physician who had examined the plaintiff, at the request of the defendant, as to physical facts concerning the plaintiffs condition observed during that examination.
In Gilly v City of New York (69 NY2d 509, 512), a personal injury case, the Court of Appeals held that "a physician * * * who has examined the plaintiff, formulated his findings and had them conveyed to both parties in litigation, should not be barred from relating the substance of his report when called as a witness by plaintiff. Permitting such evidence furthers truth-seeking objectives”.
Gilly (supra) only involved the calling of an examining physician retained by the adversary to testify as to the physician’s factual findings. To the extent that Dr. Davis might be asked about his factual findings upon his physical examination of plaintiff, that inquiry is authorized by Gilly. But plaintiff desired to go further and ask for Dr. Davis’ opinions as an expert on liability. Since his factual findings on his physical examination had already been reported, and that report exchanged, and since his opinions as an expert have only been sought by one side, Dr. Davis was not in the position of accepting fees from two sides to testify as to his opinions as an expert.
McDermott (supra) and Gilly (supra) mark the path to be followed. Dr. Davis’ performance of an examination does not bar him from also serving as an expert for plaintiffs.
*691 Dr. Whitely’s second concern was readily avoided under the facts of this case by permitting inquiry by defense counsel as to the happenstance by which Dr. Davis came to testify as plaintiffs’ expert even after performing a physical examination of Mr. Demeter. Accordingly, Dr. Davis was permitted to testify as plaintiffs’ expert.