■ ARTHUR OLDHAM, II, Respondent, v THOMAS ELIOPOULOS, Appellant. [594 NYS2d 880] —Levine, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered January 28, 1992 in Washington County, which, in an action pursuant to RPAPL article 15, determined that plaintiff is the owner of certain property.

The parties own adjacent parcels of real property located in the Town of Putnam, Washington County, and commenced these consolidated RPAPL article 15 actions to establish the proper boundary between their properties. Defendant's parcel, lot 9 block A, is to the west of plaintiff's parcel, known as the Park. They are separated by Lake George Avenue, a public highway. The issue in this boundary dispute is whether the deeds conveying the subject parcels created the boundary at the center of Lake George Avenue as it exists—as plaintiff contends and Supreme Court determined—or whether the deeds created a boundary at the center of Lake George Avenue as depicted in a 1907 map made by Ernest Walton and referred to in the chain of title to both parcels. The 1907 map was filed in the Washington County Clerk's office in 1910. Lake George Avenue as it exists is west of Lake George Avenue as depicted on the 1907 map and, thus, this litigation was pursued to resolve ownership of the parcel of land between these two roads.

Prior to 1967, the parties' parcels were owned by a common grantor, Glenburnie, Inc., which that year conveyed land including the Park (now owned by plaintiff) to Gee-Bee Vacations, Inc. ("Gee-Bee"). The deed described the north boundary of the Park as running west along two lots "to the center line of Lake George Avenue as shown and laid out on the [1907 map]". The deed then describes the west side of the Park as running from that center line "in a general southerly direction along the center line of Lake George Avenue a distance of 750 feet, more or less, to the center line of the alleged

highway or right of way presently existing from Lake George Avenue to the waters of Lake George". The description of the western boundary of the Park (running north and south), in contrast to the description of the northern boundary of the Park (running west and east), contains no reference to the 1907 map. In 1971, Gee-Bee conveyed the Park to Vacation Resorts, Inc. by deed containing a description identical to that contained in the 1967 Glenburnie to Gee-Bee deed. In 1974, Vacation Resorts conveyed the Park as depicted on the 1907 map, with amendments made in 1937 not relevant to this dispute. That conveyance did not contain boundary descriptions.

In the chain of title to defendant's parcel (principally lot 9), Glenburnie conveyed in 1980 all property not previously conveyed to Else Sotire Young who, in 1981, conveyed the property to defendant by deed specifically excluding land with the identical description of land originally conveyed by Glenburnie in 1967 to plaintiff's predecessor-in-interest.

After a nonjury trial Supreme Court determined that the western boundary of the Park and the eastern boundary of lot 9 is Lake George Avenue as built, crediting the testimony of plaintiff's expert. In the alternative, Supreme Court held that plaintiff acquired title to the disputed parcel by adverse possession and that plaintiff had a prescriptive easement over Lake George Avenue as built. In addition to the relevant deeds and exhibits, the evidence offered at trial consisted primarily of the testimony of each party's expert witness. It was undisputed that the center line of Lake George Avenue is the boundary between the parties' adjacent parcels; the dispute focused on whether the proper boundary is the center line of Lake George Avenue as built or as it was depicted on the 1907 map. The experts agreed on a fixed northerly point for the boundary line, but disagreed as to whether from that point in a southerly direction the boundary followed Lake George Avenue as built or as depicted on the 1907 map. The experts, licensed land surveyors, testified in considerable detail to the methods that they employed and documents to which they referred to reach their conclusion as to the proper location of the disputed boundary.

While the parties have pointed out certain arguable inaccuracies or inconsistencies in the opposing expert's testimony, we are persuaded upon our review of the pertinent documents and testimony that Supreme Court properly determined that the boundary is Lake George Avenue as built. While the Glenburnie deed out to Gee-Bee and subsequent conveyances

of the Park referred generally to the 1907 map to describe the parcel conveyed and specifically describes the northern border of the Park, none of the deeds describe the disputed border, i.e., the eastern border of lot 9 and the western border of the Park, by reference to the 1907 map. Supreme Court properly determined that the reference to Lake George Avenue in the 1967 Glenburnie deed out of the Park, without further description, referred to the existing Lake George Avenue. That the intended boundary was Lake George Avenue as built is supported by the fact that the methods and opinion of plaintiff's expert produced a measurement of the boundary of 759 feet, much closer to the 750 feet distance recited in the deed than the measurement of 675 feet by defendant's expert. Also, Lake George Avenue was in existence and used for decades at the time of the original Glenburnie deed out, and it was presumed that a deed reference to a roadway pertained to a road then in existence. This comports with the rule of construction for conveyances of real property that actual physical references and monuments, such as an existing roadway, take precedence (see, 1 Warren's Weed, New York Real Property, Boundaries, §§ 1.03, 2.01, 2.03, 6.01 [4th ed]), and with the presumption that conveyances are made with reference to an actual view of the premises (3 Warren's Weed, New York Real Property, Monuments, § 1.03 [4th ed]). Any ambiguity in the property description in the subject deeds was properly resolved by consideration of extrinsic evidence to determine the intent of the parties (see, Loch Sheldrake Assocs. v Evans, 306 NY 297, 304-305; Young v Strong, 118 AD2d 974, 975).

In view of our disposition, we have no need to address the issues of whether plaintiff acquired title to the disputed parcel by adverse possession or acquired an easement by prescription over the disputed property. We have examined defendant's remaining contentions, including the claim that the judgment is inconsistent with the decision, and conclude that they are devoid of merit.

Mikoll, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.