■ THOMAS E. DRAKE et al., Plaintiffs, v BRISTOL LABORATORIES, a Division of BRISTOL-MYERS, Defendant and Third-Party Plaintiff-Appellant. KAY-R ELECTRIC CORP., Third-Party Defendant-Respondent. [602 NYS2d 572] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Hurlbutt, J. (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Doerr and Davis, JJ.

■ In the Matter of COUNTY OF ONONDAGA, Appellant, v HIAWATHA PLAZA ASSOCIATES et al., Defendants, and NIAGARA FRONTIER SERVICES, INC., Respondent. [600 NYS2d 573] —Order unanimously affirmed without costs. Memorandum: Generally, an expert may be retained by only one side and an adversary should not seek his opponent's expert. The rationale for the rule is to avoid placing the expert in the unethical position of accepting retainers from both sides *(see, Young v Strong,* 118 AD2d 974, 976; *Byczek v City of New York Dept. of Parks,* 81 AD2d 823, 824; *Gnoj v City of New York,* 29 AD2d 404, 407; *Gugliano v Levi,* 24 AD2d 591). We conclude that the brief contact in 1984 between the County of Onondaga and the appraiser for Niagara Frontier Services, Inc., was insufficient to invoke the general rule *(see, Napolitano v Grable Co.,* 116 Misc 2d 58). (Appeal from Order of Supreme Court, Onondaga County, Aronson, J.H.O.—Disqualify Expert.) Present—Denman, P. J., Pine, Balio, Doerr and Davis, JJ.