■ SMG ASSOCIATES, Appellant, v ELI B. FINE et al., Respondents. [611 NYS2d 643] —In an action for a judgment declaring that a certain deed and mortgage restriction is invalid, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.) entered August 7, 1992, which, upon an order of the same court, entered June 26, 1992, which, inter alia, granted the defendants' cross motion for summary judgment, inter alia, dismissed the complaint and declared the deed restriction to be valid.

Ordered that the judgment is affirmed, with costs.

Singer Associates agreed to purchase property from the defendants. Prior to closing, Singer Associates assigned the contract rights in this action to the plaintiff, SMG Associates. A representative of the plaintiff did not attend the closing, which took place as scheduled. The deed and the mortgage, which were recorded a week later, contained a provision which stated, in pertinent part: "This Deed and the purchase price for the premises conveyed is predicated on the Purchaser obtaining a building permit for not more than 134 units on the premises herein conveyed. Should there be a permit for more than 134 units, the purchase price of this Deed shall be increased at the rate of $4,500.00 per unit for each and every authorized unit in excess of 134. The said increased cost of the premises herein conveyed shall be payable $2,250.00 per unit at closing, or upon obtaining a building permit for more than 134 units and the additional $2,250.00 per unit shall be added to the purchase money mortgage herein. *This clause shall run with the land and be binding upon the Purchaser, their heirs, legal representatives and assigns. The word 'unit' shall be interpreted to mean 'apartment' and shall include any apartments for which a building permit is obtained after delivery of the Deed in accordance with the foregoing.* In the event that this property herein conveyed is developed in conjunction with other property or properties, the 134 unit limit shall be adjusted by taking the total area of all such properties which shall constitute the development and adjusting the 134 unit figure on a pro-rata basis based upon a proportion which the property conveyed herein bears to the entire development, but in no event shall the purchase price paid hereunder be less than the consideration recited herein above" (emphasis supplied). The plaintiff brought an action for a judgment declaring this restriction in the deed and mortgage to be invalid. The Supreme Court denied the plaintiff's motion for summary judgment and granted the defendants' cross motion for summary judgment.

A declaration that a provision is void will not be granted until there is sufficient proof that the written instrument failed to embody the parties' true intentions *(cf., Slutsky v Gallati,* 97 AD2d 561). The proof must overcome the heavy presumption that a deliberately prepared and executed written instrument manifested the true intentions of the contracting parties *(cf., Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219). Here, the parties entered into a written

agreement to purchase a parcel of real property. This written agreement was between sophisticated business persons who were represented by attorneys and was unambiguous on its face. The parties also executed a deed and mortgage. The plaintiff corporation merely advances conclusory assertions that the complained-of provision was added by mistake or fraud, and denies having agreed to it. However, a party cannot defeat a motion for summary judgment by asserting in conclusory fashion that owing to a mistake or fraud, the writing did not express his or her understanding *(cf., Chimart Assocs. v Paul,* 66 NY2d 570, 571). Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.